## 30583. MORRIS *v.* ATLANTIC COMPANY.

DECIDED NOVEMBER 18, 1944.

*A. A. Baumstark, Noah J. Stone,* for plaintiff.
*R. J. Reynolds Jr., Carl B. Copeland,* for defendant.

BROYLES, C. J. (After stating the foregoing facts.) In the award of the board it was stated: "Among the contentions made by claimant's attorneys [was one] to the effect that the award dated February 11, 1944, made no provision for crediting the employer with prior payments of compensation, and as a consequence claimant would be forever precluded from again filing a claim with this board on the grounds of a subsequent change in condition. An examination of the last paragraph on page 4 of the award dated February 11, 1944, will reveal that the employer was given credit for all payments of salary previously made to the employee in lieu of compensation. The payments of salary heretofore made having been approved by the board and having been treated as payments made in lieu of compensation, the board is of the opinion that any

subsequent right the employee may have to file claim with the board on the grounds of a change in condition will not be prejudiced." And the judge of the superior court in his order affirming that award stated: "This court in approving said findings holds that the statement of the director, approved by the full board, 'the case is hereby dismissed,' does not have the effect of precluding employee from filing claim with the board at any subsequent date upon the grounds of change in condition."

It is well settled that the State Board of Workmen's Compensation has no authority under the law to dismiss a claim, except for the want of jurisdiction or for the failure of the claimant to prosecute his claim; and where it appears from the evidence that the claimant suffered an accidental injury arising out of and in the course of his employment and resulting in his disability for more than seven days, then the claimant "is entitled to compensation in some amount. On the other hand, a negative decision on any one of these facts requires an award denying compensation. The only award that the Industrial Board has the power under the law to make is either to deny or to grant compensation." *New Amsterdam Casualty Co.* v. *McFarley,* 191. *Ga.* 334, 337 (12 S. E. 2d, 355). Therefore, under the undisputed evidence in the instant case, the claimant was "entitled to compensation in some amount," and the dismissal of his claim was contrary to law and the evidence.

In the award of the director and in that of the board the employer was given credit for previous sums of money given to the claimant. We do not think that the director or the board had authority to do this. There was no award giving any compensation to the claimant, and it is obvious that something can not be deducted from nothing. "An award denying compensation is an award granting to the employee precisely *nothing,* and despite any attempt to end, diminish, or increase it, it will remain the same *nothing.* . . Since there was no 'compensation previously awarded or agreed upon,' manifestly the board could not have ended, decreased, or increased something that had never existed." *New Amsterdam Casualty Co.* v. *McFarley,* supra.

In view of the foregoing rulings it is unnecessary to consider the question as to whether the award precluded the claimant from afterwards filing a claim with the board on the grounds of a subsequent change in his condition. The evidence supported the

:grounds of exceptions to the award of the director as to his failure in his findings of fact to find as facts the certain material facts .set forth in said exceptions. The judge of the superior court erred .in affirming the award of the board.

*Judgment reversed. MacIntyre and Gardner, JJ., concur.*