30503.   RHINDRESS *v.* ATLANTIC STEEL COMPANY.

DECIDED DECEMBER 19, 1944.

900

*T. J. Lewis,* for plaintiff.

*Jones, Williams & Dorsey,* for defendant.

MacINTYRE, J. The following essential elements must be shown before the employee can recover an original award under the workmen's compensation act: (1) That there was an "accidental injury;" (2) That it arose out of and in the course of the employment; (3) That he is entitled to compensation in some

amount and what that amount is. A distinction should be drawn between an original award and a previous award, other than the original. The first and second essential elements stated above are sometimes called preliminary adjudications and when adjudicated on the hearing of an application for an *original* award are to be taken as res judicata as to the right of the employer and the employee upon the hearing of an application for any subsequent review. If the original award adjudicates that the employee is not entitled to compensation in any amount and no appeal is duly taken therefrom, the doctrine of res judicata applies to the third essential element, and the physical condition of the employee does not remain open for further inquiry, and the case is ended. *New Amsterdam Casualty Co.* v. *McFarley,* 191 *Ga.* 334 (12 S. E. 2d, 355). On the other hand, if the original award allows compensation in some amount, the doctrine of res judicata, while it applies to the first and second essential elements upon the hearing on any subsequent review, it does not apply to the third essential element, for section 114-709 of the Code, as amended, provides that, "Upon their own motion before judicial determination or upon the application of any party in interest on the ground of a change in condition, the State Board of Workmen's Compensation may, within two years from the date that the board is notified of the final payment of claim, review any award or any settlement made between the parties and filed with the board and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded or agreed upon, subject to the maximum or minimum provided in this title, and shall immediately send to the parties a copy of the award. No such review shall affect such award as regards any moneys paid." Thus this Code section relieves the parties from the doctrine of res judicata in the particular instances named therein, and the physical condition of the employee remains open for inquiry. *Home Accident Ins. Co.* v. *McNair,* 173 *Ga.* 566, 570 (161 S. E. 131).

Periodic reviews do not require finality of previous decisions. Hence new hearings may be held where new evidence can demonstrate that there is such a change in condition as provided by the Code, § 114-709. Horovitz on Workmen's Compensation, p. 289 (7). In cases of temporary incapacity the compensation ceases when the employee recovers from the injury, or is earning the

same wage as he was at the time of the injury. Earning the same wage as he was at the time of the injury, regardless of the continuance of physical suffering, terminates his weekly temporary-incapacity rights, but only while earning such former wage (the wage at the time of the injury). Horovitz on Workmen's Conpensation, pp. 285.(4) (9), 287 (2, 3); *American Mutual Liability Ins. Co.* v. *Hampton,* 33 *Ga. App.* 476 (127 S. E. 155). The undisputed evidence is, and, indeed, it seems to be conceded, that the defendant is not now earning, nor has he earned, such former wage since his injury.

The question to be determined here is not merely whether there was *more* evidence introduced as to the condition of the claimant on May 25, 1943, but whether, on the review here in question, the whole evidence, including the new, would authorize a finding by the director that the claimant's condition had undergone a change for the worse since May 25, 1943. *Moore* v. *American Mutual Liability Ins. Co.,* 67 *Ga. App.* 259 (19 S. E. 2d, 763); *Teems* v. *American Mutual Liability Ins. Co.,* 41 *Ga. App.* 100 (151 S. E. 826). If the true situation be that, after the original award of compensation, the disability of the employee temporarily ceased and the employer obtained a judgment on review ending the compensation, and that thereafter, during the period of limitation, the disability returned, did the legislature intend to prevent the employee from coming before the board and showing the new changes in condition whereby he would be entitled to compensation? We think not. *Lumbermen's Mutual Casualty Co.* v. *Cook,* 195 *Ga.* 397 (24 S. E. 2d, 309); *New Amsterdam Casualty Co.* v. *McFarley,* 191 *Ga.* 334, 347 (12 S. E. 2d, 355).

We do not think that the director was attempting to reverse the previous award under the guise of an application for additional compensation based on a change of condition. On the contrary, we think that the director here recognized the binding effect of the last previous award on review that the disability of the employee had temporarily ceased on May 25, 1943, but found, nevertheless, that since that date the disability had returned to such an extent that the employee was entitled to weekly compensation equal to one-half (not the whole) difference between his regular weekly wages before the injury and the regular weekly wages which he is now earning; and to make his findings subject

to the maximum and minimum compensation provided by the workmen's compensation act, the director provided in his award that the compensation should not be more than $12 per week, beginning August 6, 1943, and continuing for the statutory period of three hundred weeks, or until there is a change in the condition of the claimant. *Austin Brothers Bridge Co.* v. *Whitmire,* 31 *Ga. App.* 560 (supra). "The opinion of an expert witness is not conclusive upon the jury. Such testimony is intended to aid them in coming to a correct conclusion upon the subject; but the jury is not bound by such opinion, and can disregard it. The jury may deal with such testimony as they see fit, giving credence to it or not." *Manley* v. *State,* 166 *Ga.* 563, 566 (19) (144 S. E. 170); *Liberty Mutual Ins. Co.* v. *Williams,* 44 *Ga. App.* 452 (161 S. E. 853); *City of Atlanta* v. *Champe,* 66 *Ga.* 659, 663; *Central Railroad* v. *Coggin,* 73 *Ga.* 689. The testimony of the physicians, as stated by the director, are in conflict as to whether there had been a change for the worse in the claimant's condition since the last previous award. However, the director was authorized to find from the plaintiff's testimony and the other evidence in the case as a whole, that there had been such a change of condition as found by the director. There was sufficient, competent evidence to support the director's award in favor of the claimant, and the judge of the superior court erred in setting aside the award of the full board, affirming the director's award.

*Judgment reversed. Broyles, C. J., and Gardner, J., concur.*