## 33373. HOWARD *v.* MURDOCK.

DECIDED MARCH 16, 1951.

538

*A. A. Farrar, Brinson & Davis,* for plaintiff in error.

*Freeman McClure, Matthews, Owens & Maddox,* contra.

GARDNER, J. ■ We have read the evidence, which is rather lengthy, and find that the findings of fact are sustained by the evidence, and the judge of the superior court did not err in such judgment affirming the award of the full board.

■ There are certain specific contentions advanced by the employer, which we will now deal with. The first one is that the hearing director, Buckner, who made the award, had no authority to reopen the case and hear evidence and make an award, since more than seven days had elapsed from the dismissal of the application without any appeal for review to the full board. Counsel for the employer in support of their contentions, call our attention to *Gravitt* v. *Georgia Casualty Co.,* 158 *Ga.* 613 (123 S. E. 897); *U. S. Casualty Co.* v. *Smith,* 42 *Ga. App.* 774 (157 S. E. 351) Code § 114-706; *Morris* v. *Atlantic Co.,* 71 *Ga. App.* 760 (32 S. E. 2d, 116). It will be noted that those cases, and all others which we have been able to find, deal with the question of reopening a case where an award has been made. Director Riordan did not make an award. We find nothing to the contrary in the decision nor the Code section cited above, and we do not find anything in the Workmen's Compensation Act that would debar a claimant from having the merits of his case passed upon simply because he was providentially hindered from being present at a certain time set for a hearing. We realize that it is within the province of the board, under the provisions of the Workmen's Compensation Act, to dismiss a case for want of prosecution but this is not true under the facts revealed in the instant case. We might state here also

that the request of the claimant to reopen and hear his case on the merits was sufficient under the provisions of the act, to constitute a second application in order that the merits of the case might be passed upon. The method of filing a claim under the Workmen's Compensation Act is most informal, as it should be. The Supreme Court held in *New Amsterdam Casualty Co.* v. *McFarley,* 191 *Ga.* 334, 337 (12 S. E. 2d, 355): "The only award that the Industrial Board has the power under the law to make is either to deny or to grant compensation. No authority is to be found anywhere for the board to make an award simply finding that disability does or does not exist. Any award that does not deal with the question of compensation is a legal nullity, and cannot be styled either for or against anyone." This court held in *Jones* v. *American Mutual Life Ins. Co.* 48 *Ga. App* 353 (5), (172 S. E. 600), as follows: "Where an application for compensation is dismissed by the Industrial Commission or one of its members, without determining the merits of matters in question, and the claim is refiled or a second claim is filed within the one year limitation of the act (§ 25), or is filed without objection as to such time, the commission or a member may hear and determine the application upon its merits. *Thigpen* v. *Hall,* 46 *Ga. App.* 356, (167 S. E. 728). This rule would also seem to apply where a first claim has been dismissed merely because of insufficient proof, without any award in the employer's favor where the evidence has not been sufficiently developed by the claimant and no testimony has been offered by the adverse party." This contention is without merit.

■ Another question argued here and insisted upon as to why the judgment of the superior court should be reversed is that the hearing director refused to allow testimony to be given in regard to the failure of the claimant to have a cast applied when ordered so to do by his doctor, and not to do any heavy work. The record reveals that when the claimant was so ordered it was after the original injury to his arm, and it further reveals that he had done no heavy work, that he only removed slabs and that he did that with his uninjured hand. In this connection, attorneys for the employer cite *Royal Indemnity Company* v. *Land,* 45 *Ga. App.* 293 (164 S. E. 492). We do not think the facts in that case show authority for the con-

tentions here made or warrant a reversal under the facts of the instant case. Moreover, there is testimony in the record that the failure of the claimant to go back to his doctor to have the cast applied on his arm in no way contributed to his disability. Another contention argued by the employer is that there was no evidence to sustain the finding of the claimant's average weekly wage. Aside from the testimony as to the hours the claimant worked, along with other employees, to the effect that the weekly wages of the employee were $30, there appears in the record an alleged release, introduced by the employer, which shows that the employer recognized that the claimant was making $30 per week. This contention is without merit.

The next contention is that there is not sufficient evidence to warrant the award for a 37½% disability. This contention is without merit. We find that all contentions of the employer as to why the judgment should be reversed are without merit.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*