Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of SALONDA VALENTINE, Respondent, for Compensation under the Workmen's Compensation Law, *v.* SHERWOOD METAL WORKING COMPANY, Employer, and AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, November 12, 1919.

**Workmen's Compensation Law — necessity that claimant be totally deprived of use of eye to justify award for loss thereof.**

An award for the loss of an eye under the Workmen's Compensation Law cannot be sustained where the entire testimony is to the effect that the injured eye, with the aid of a proper glass, is nearly normal for many purposes.

APPEAL by the defendants, Sherwood Metal Working Company and another, from an award of the State Industrial Commission, entered in the Syracuse office of said Commission on the 27th day of May, 1919.

*Jeremiah F. Connor*, for the appellants.

*Charles D. Newton*, Attorney-General [*E. C. Aiken*, Deputy Attorney-General, of counsel], for the respondents.

PER CURIAM:

There is no dispute as to the facts in this case. The claimant was employed at Syracuse by the Sherwood Metal Working Company as a riveter upon shovels. A small portion of steel was picked up by the rapid hammer used and lodged in the back of the eye-ball, defying all efforts at its removal. The State Industrial Commission has found that " said injury resulted in the loss of the left eye," but there is no evidence to support this finding, for the entire testimony is to the effect that the eye, with the aid of a proper glass, is nearly normal for many purposes. That there is an injury, and that it detracts from the value of the eye, there can be no doubt, but it is not the loss of an eye. The case is not distinguishable in principle from that of *Frings* v. *Pierce-Arrow Motor Car Co.* (182 App. Div. 445), and if this court was right in that case it follows that the award here under consideration must be reversed.

The award should be reversed and the proceeding remitted to the State Industrial Commission.

All concurred.

Award reversed and proceedings remitted to the State Industrial Commission.