Before State Industrial Commission, Respondent.

In the Matter of the Claim of Charles McNamara, Respondent, for Compensation under the Workmen's Compensation Law, *v.* McHarg, Barton Company, Employer, and The Travelers Insurance Company, Insurance Carrier, Appellants.

Third Department, March 8, 1922.

Workmen's Compensation Law — admiralty and maritime employment — employee injured while repairing compressor boat in East river, used by employer in construction of pier, was engaged in maritime employment — defective vision which can be corrected by glasses no basis for award — depreciated earnings due to defective vision might in proper case warrant award.

An employee, who was injured while repairing a boiler on a compressor boat used by his employer in the construction of a pier in the East river at Brooklyn, was at the time engaged in work of a maritime nature and within admiralty jurisdiction, and, therefore, is not entitled to an award under the Workmen's Compensation Law.

Defective vision which can be corrected to normal by glasses cannot form the basis of an award.

*It seems,* that if because of the nature of his employment, the claimant cannot wear glasses at all times, he might be entitled to an award based on depreciated earnings.

Appeal by the defendants, McHarg, Barton Company and another, from three awards made by the State Industrial Commission and entered in the office of said Commission on the 25th day of September, 1919, the 2d day of January, 1920, and the 7th day of July, 1920, respectively.

*Benjamin C. Loder* [*E. C. Sherwood* and *William B. Davis* of counsel], for the appellants.

*Charles D. Newton,* Attorney-General [*E. C. Aiken,* Deputy Attorney-General, of counsel], for the respondents.

Cochrane, P. J.:

The accident occurred on a compressor boat stationed in the East river at Brooklyn. It was there being utilized in the construc-

tion of a concrete pier by the employer whose business was that of a contractor. The claimant was a master mechanic and superintendent of the work of construction. He was cutting a bead off a boiler tube on the boat when a piece of the bead struck him in the left eye impairing his vision on account of which the awards in question have been made for a loss of one-third of the use of the eye.

*First.* The work in which claimant was engaged at the time of his injury was maritime in its nature and within admiralty jurisdiction. Claimant described the compressor boat as follows: " Just a small scow, 10 x 20 — have a boiler and compressor supplying the compression, going from one place to another." It was the boiler thus mentioned which he was repairing at the time of the accident. He described the accident and the work he was at the time doing as follows: " I was taking a tube out of a boiler. Q. What happened? A. Cutting off the bead off the top, a piece of the bead flew and hit the side cheek and my eye." The compressor boat was a vessel in navigable waters and as such within admiralty jurisdiction. (*Matter of Reinhardt* v. *Newport Flying Service Corporation,* 232 N. Y. 115, and cases there cited; *Matter of Newham* v. *Chile Exploration Co.,* Id. 37.) Although the general nature of the claimant's work may have had reference to the construction of the pier, he was at the time of the accident repairing or readjusting this navigable craft. This circumstance distinguishes the case from those where awards have been sustained for injuries arising out of work in constructing or repairing docks or piers but without reference to any change or modification of a vessel although such vessel at the time may have been utilized in the work of such dock construction or repair. We think for the reasons stated this case falls within the authority of *Matter of Doey* v. *Howland Co.* (224 N. Y. 30) and *North Pacific Steamship Co.* v. *Hall Brothers Co.* (249 U. S. 119). In the case last cited it was said: " There is no difference in character as to repairs made upon the hull of a vessel dependent upon whether they are made while she is afloat, while in dry dock, or while hauled up by ways upon land."

*Second.* The Commission found that " the defective vision of the claimant can be corrected to normal with glasses." This court has repeatedly held that where the loss of vision may be corrected or supplied by the use of glasses no award can be made therefor. (*Valentine* v. *Sherwood Metal Working Co.,* 189 App. Div. 410; *Frings* v. *Pierce Arrow Motor Car Co.,* 182 id. 445; *Cortina* v. *Lathrop & Shea Co.,* 191 id. 928; *Smith* v. *F. & B. Construction Co.,* 185 id. 51.) The Commission has sought to obviate the effect of those cases by finding that " inasmuch as there are

times that the claimant cannot wear glasses while engaged in the regular course of his employment due to the nature of the employment, the claimant has sustained a loss of one-third of the use of the left eye." There is no evidence to support this finding. The claimant stated that it was very inconvenient for him to wear glasses. That is always true. No one wears glasses because of their convenience. He further stated in answer to a question as to why he did not wear goggles when doing such work as occasioned his injury, that it was very dark in the boiler and he required all the light possible and that if he covered his eyes with goggles he could not see. The question is not, however, as to the use of goggles but as to the use of glasses. Furthermore we think this latter finding is within the condemnation of *Matter of Grammici* v. *Zinn* (219 N. Y. 322) where it was held that it was not the legislative intent that an injury incapacitating an employee for a particular employment established his right to an award if the injured member could fulfill in any reasonable degree its normal functions in any employment for which the claimant was fitted. Amendments to the statute since the decision in the *Grammici* case do not affect the principle above stated. If because of the nature of his employment claimant cannot at all times wear glasses he might be entitled to an award based on depreciated earnings but the evidence shows that he has not suffered any depreciation in his earning capacity. There is, therefore, no basis for an award because of the injury to the eye.

For the foregoing reasons the awards should be reversed and the claim dismissed, with costs.

All concur.

Awards reversed and claim dismissed, with costs.