15710.    AMERICAN MUTUAL LIABILITY INSURANCE COMPANY *v.* HAMPTON.

JENKINS, P. J.    1.    Section 31 of the Georgia workmen's compensation act (Ga. L. 1920, p. 183) provides that, except for the specific injuries scheduled in section 32, "when the incapacity for work resulting from the injury is partial, the employer shall pay, or cause to be paid, as hereinafter provided, to the injured employee .during such incapacity, a weekly compensation equal to one half the difference between his average weekly wages before the injury and the average weekly wages which he is able to earn thereafter, but not more than twelve dollars a week."    With the exceptions above indicated, the act fails to provide for compensation in cases of partial incapacity, except where the average weekly wages after the injury are less than those prior thereto. There is no recognition of the elements of pain and suffering, or of increased discomfort and difficulty in performing the labors for which wages are paid after the injury; and as long as the average of these remain the same or more than those previously received, the law allows no compensation through the machinery of the industrial commission.    See 28 R. C. L. 819, 822; Woodcock *v.* Dodge Bros., 181 N. W. 976; Niemenin *v.* Isle Royal Copper Co. (Mich.), 183 N. W. 9; Voight *v.* Industrial Commission (Ill.), 130 N. E. 470; McNamara *v.* McHarg, 192 N. Y. Supp. 743.

2.    Notwithstanding the evidence of the physician making the x-ray examination of the employee's left scapula and side, that such examination showed a "united fracture of the eighth rib, left side, in the region of the lower angle of the scapula," beginning "about 2-1/2 to 3 inches from vertebral column, beginning upon the upper border of, extending down and outward," and that this witness "would judge patient is about 25 . per cent. permanently disabled;" and notwithstanding the evidence of the employee that his work, which was the same as that performed before the injury, was done with increased pain and difficulty, it appearing, under the undisputed testimony and by the terms of the award, that the employee's average weekly wages were the same or more than those received before the injury, the evidence does not support the award made by the commission, and the superior court erred, on the appeal of the insurance carrier, in affirming the award.    Section 45 of the act, however, provides that, "upon the application of any party in interest on the ground of a *change in condition*, the industrial commission may at any time review any award, . . and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded or agreed upon."    Ga. L. 1920, p. 191.    If, therefore, future developing facts and circumstances should show "a change in condi-

tion" with reference to the employee by reason of his previous injury, such as would actually diminish the average weekly wages received by him, so that an award should be made, the law provides for such a contingency; and this ruling would not operate as res judicata barring a proper award.

*Judgment reversed. Stephens and Bell, JJ., concur.*
DECIDED FEBRUARY 12, 1925.

Appeal; from Meriwether superior court—Judge Roop. May 19, 1924.

*Frank Carter,* for plaintiff in error.

*J. J. Bowden Sr.,* contra.