## EBBW VALE COAL COMPANY *v.* QUACKENBUSH.

### [No. 13,064. Filed December 21, 1927.]

1. MASTER AND SERVANT.—*Burden of proof when employee claims total loss of sight of eye.*—In a proceeding under the Workmen's Compensation Act for compensation for total loss of sight of an eye, the claimant has the burden of proof that the loss is total as defined in §31 of the act (§9476 Burns 1926). p. 640.

2. MASTER AND SERVANT.—*Evidence held insufficient to show total loss of an eye as defined in Workmen's Compensation Act.*—In a proceeding under the Workmen's Compensation Act for compensation for total loss of sight of an eye as defined in §31 of the act (§9476 Burns 1926), the evidence was *held* insufficient to show that the sight of the eye was reduced to one-tenth normal "with glasses"; hence the Industrial Board was without authority to make an award for total loss. p. 640.

From Industrial Board of Indiana.

Proceeding under the Workmen's Compensation Act by Joe Quackenbush, employee, against the Ebbw Vale Coal Company, employer. From an award of compensation for the total loss of sight of an eye, the employer appeals. *Reversed.* By the court in banc.

*Will H. Hays, Hinkle C. Hays, Alonzo C. Owens, W. Paul Stratton, John S. Taylor, William H. Bridwell* and *George W. Buff,* for appellant.

*John A. Riddle,* for appellee.

REMY, C. J.—Appellee, while in the employment of appellant, suffered an accidental injury to his left eye; upon application for compensation, the Industrial Board found that there was a temporary disability and made an award accordingly. Thereafter, appellee, claiming that the disability had become permanent, made application for a modification of the award on account of changed conditions, and the board, by a majority of its members, found for appellee, that the injury had resulted in a change in conditions and had produced a

permanent loss of ninety per cent. of the vision of the eye with glasses, and made an award of one hundred fifty weeks' compensation, as provided for by the Workmen's Compensation Act for total permanent loss of an eye.

The only question presented by this appeal is the sufficiency of the evidence to sustain the award.

In considering the evidence, it will be necessary to keep in mind the provision of the statute fixing compensation for loss of vision; that is, clause (f) of §31 of the Workmen's Compensation Act (Acts 1919 p. 162, §9476 Burns 1926), which provides that, for the permanent loss of the sight of an eye, the compensation shall be for one hundred fifty weeks, and that the permanent reduction of the sight of an eye to one-tenth of normal vision "with glasses" shall be equivalent for compensation purposes to a total loss of vision.

At the hearing, there was no contention that the sight of appellee's left eye was entirely gone; there was, in fact, no controversy except as to the extent of the injury. The issue was, whether as a result of the injury there had been a permanent reduction of the sight of appellee's left eye to one-tenth of normal vision, with glasses, and the burden of proof was upon appellee. The only evidence submitted was the testimony of appellee and the expert testimony of three physicians, each of whom had previously made an examination of the injury. Appellee testified that he could see large print, but could not see to read, and that if his right eye were in no better condition than the left, he would be unable to see to work; he was not questioned as to his ability to see with his left eye if glasses were used, and gave no testimony as to the extent of his vision with the use of glasses. One of the physicians, as a witness for appellee, testified that, due to the injury, the vision of the left eye was reduced forty

Luce School Tp. *v.* School City of Rockport—86 Ind. App. 641.

per cent., with glasses. Two of the physicians, testifying as witnesses for appellant, stated that they found impairment of vision of the left eye, but that the impairment was not due to the injury; one testifying that the impairment was twenty-five per cent. of normal, with glasses, the other fifteen per cent. of normal, with glasses. Clearly, there is no evidence that the injury resulted in a permanent reduction of the sight of the left eye to *one-tenth of normal with glasses.* In the absence of such evidence, the board was without authority to make the award. See *Cline* v. *Studebaker Corp.* (1915), 189 Mich. 514, 155 N. W. 519; *Bochecchio* v. *Charnin Contracting Co.* (1924), 205 N. Y. Supp. 350; *McNamara* v. *McHarg-Barton Co.* (1922), 192 N. Y. Supp. 743, 200 App. Div. 188.

Reversed.