### 23319. ADAIR v. METROPOLITAN CASUALTY Co. et al.

GUERRY, J. 1. The motion to dismiss the bill of exceptions is overruled. It does not affirmatively appear that the bill of exceptions was not tendered within twenty days after the judgment complained of; the date of tender, and not the date of certification, is the controlling factor.

2. The findings of fact by the Department of Industrial Relations, where there is any evidence to support them, are conclusive. *Washington* v. *United States Fidelity & Guaranty Co.,* 39 *Ga. App.* 481 (147 S. E. 533); *Ocean Accident & Guaranty Corporation* v. *Council,* 35 *Ga. App.* 632 (134 S. E. 331), and cit.

3. It may be a violation of our statutes for an agent or officer of a corporation who is not an attorney at law to represent the corporation in a hearing before the Department of Industrial Relations in which the corporation is a defendant. A decision to that effect, however, is not necessary for a determination of this case. Such an agent may testify in the hearing; and if the commissioner allows him to examine other witnesses, this fact does not make void the award. It may or may not subject the agent to action in other courts. A corporation may not practice law by representing others. Quære: May it be represented by its agent or officers where it is a defendant in an action as provided in the Civil Code (1910), § 6360?

4. The court did not err in affirming the award of the Department of Industrial Relations.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED NOVEMBER 27, 1933.

*Eldon Haldane,* for plaintiff. *Harry L. Greene,* for defendants.