## 24140. ASKEW v. THE STATE.

GUERRY, J. The evidence for the State was amply sufficient to support the conviction of the defendant. There was a sharp conflict between the evidence of the State and that for the defendant, which has been settled by the jury. The court therefore did not err in overruling the certiorari. *Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED JULY 20, 1934.

*Eugene Spradlin, Cecil V. Whiddon,* for plaintiff in error.
*John S. McClelland, solicitor, John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

## 23749. GREAT AMERICAN INDEMNITY COMPANY et al. v. MITCHELL.

BROYLES, C. J.   1. The motion to dismiss the bill of exceptions is without merit, and is denied.

2. "'Under the provisions of the workmen's compensation act, the findings of fact by the industrial commission are final and conclusive.' *American Mutual Liability Ins. Co.* v. *Brock,* 165 *Ga.* 771 (1 *b*) (142 S. E. 101). 'The finding of that body [the industrial commission] can not be reviewed in the superior court, if there is evidence to support its finding. Such finding can not be reviewed in the appellate court. The finality of a finding of the industrial commission upon the facts of a case is conclusive and binding upon all courts.' *Maryland Casualty Co.* v. *England,* 160 *Ga.* 810, 812 (129 S. E. 75); *Georgia Casualty Co.* v. *Martin,* 157 *Ga.* 909 (122 S. E. 881); *Ocean Accident &c. Cor.* v. *Council,* 35 *Ga. App.* 632 (2) (134 S. E. 331)." *Montgomery* v. *Maryland Casualty Co.,* 169 *Ga.* 746 (151 S. E. 363).

3. Under the foregoing ruling and the facts of the instant case, as disclosed by the record, the judge of the superior court did not err in affirming the award and judgment of the Department of Industrial Relations.

4. This court not being satisfied that the writ of error was prosecuted for the purpose of delay, the request of the defendant in error that damages be awarded her is denied.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED JULY 3, 1934. REHEARING DENIED JULY 20, 1934.

*Dykes & Dykes,* for plaintiffs in error.
*Jesse J. Bull, Jared I. Bull,* contra.