## 25248. Fralish v. Royal Indemnity Company et al.

MacIntyre, J. 1. The Department of Industrial Relations may at any time, upon the application of any party at interest on the ground of a change in condition of the claimant, review any award or any settlement previously made between the parties and filed with it, and on such review may make an award ending, diminishing, or increasing the compensation previously awarded or agreed upon. Code, § 114-709. It is only where the future-developing facts and circumstances show a change in condition with reference to the claimant by reason of his previous injury, such as would show an increase or decrease in the extent of his disability and consequently change the amount of his weekly compensation payments, that a previous award, finding the claimant a certain per cent. disabled and therefore entitled to receive compensation payments in accordance therewith, may be changed by the department upon application for a review thereof. *American Mutual Liability Ins. Co.* v. *Hampton*, 33 *Ga. App.* 476 (127 S. E. 155). Where there is no change in condition, the department can not rehear the case on its merits and determine under the evidence that the claimant was totally disabled and had been since his injury, and make an award increasing his weekly compensation payments from a fifty per cent. disability basis to a one hundred per cent. disability basis, or vice versa. *Gravitt* v. *Georgia Casualty Co.*, 158 *Ga.* 613 (123 S. E. 897). It has been held in other jurisdictions that in such a case evidence that the claimant's physical condition has always been worse than found by the previous award is not a showing of a change in condition. See 71 C. J. 1438 and cit.

2. On application to the Department of Industrial Relations for a hearing upon a change in condition of the claimant, a single director may hear the case and make an award, which shall be final and conclusive unless an appeal for a review thereof to the full department is made within seven days from the rendition of the award, or unless appealed to the superior court as provided by law. On review before the full department that body shall review the evidence or hear the parties, and shall make an award affirming or disapproving the award of the single director, or it may remand the case to the single director for additional testimony to be taken before it renders a decision or award in the case. Code, §§ 114-707, 114-708. See *Southeastern Express Co.* v. *Edmondson*, 30 *Ga. App.* 697 (119 S. E. 39).

3. On appeal to the superior court the findings of fact made by the Department of Industrial Relations within its power shall, in the absence of fraud, be conclusive. Code, § 114-710. The finding of fact of the department, on conflicting evidence, though the preponderance thereof lay as found by the single director, disapproving the award of the single director, is conclusive and binding on this court, there being no fraud and the department acting within its power. See *London Guarantee &c. Co.* v. *Shockley*, 31 *Ga. App.* 762 (122 S. E. 99); *Milchem* v. *Singleton*, 50 *Ga. App.* 457 (2) (178 S. E. 465); *Montgomery* v. *Maryland Casualty Co.*, 169 *Ga.* 746 (151 S. E. 363).

4. If the previous award finding the claimant's disability a fifty per cent. permanent partial disability, made upon application for review of the

first award finding the claimant totally disabled, was without evidence to support it, it was not appealed from and upon affirmance brought to this court for final adjudication, and was therefore binding and conclusive on the parties, and could not be later set aside or disregarded on an application for a review on the ground of a change in condition, where the evidence did not authorize a finding that there was a change in the condition of the claimant.

5. Applying the above principles and rulings, the judge did not err in affirming the award of the Department of Industrial Relations, which disapproved and set aside the award made by the single director.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*

DECIDED JUNE 19, 1936.

*Joe Hill Smith,* for plaintiff.
· *Branch & Howard, Thomas B. Branch Jr.,* for defendants.