28946. PERRY *v.* AMERICAN MUTUAL LIABILITY INSURANCE COMPANY *et al.*

DECIDED APRIL 21, 1941. REHEARING DENIED JUNE 19, 1941.

*T. E. Whitaker, J. D. Allen,* for plaintiff.
*Neely, Marshall & Greene,* for defendants.

FELTON, J. E. W. Perry, the claimant, suffered an accidental injury on October 1, 1938, and was disabled therefrom on October 21, 1938. On November 22, 1938, he entered into an agreement with his employer and the insurance carrier, as to the compensation he should receive. This agreement provided, among other things, that "said compensation shall be payable until terminated in accordance with the provisions of the workmen's compensation law of the State of Georgia." Approval of this agreement by the Industrial Board providing, among other things: "In case of loss of or loss of use of member, award will be modified." Compensation was paid under this agreement until a total of $70.78 had been paid, and on payment of the final compensation the claimant exe-

cuted a final compensation-settlement receipt. On August 25, 1939, the claimant requested a hearing by the Industrial Board to determine the amount of compensation due him by the employer and the insurance carrier. A hearing on the application was scheduled by the Industrial Board for September 12, 1939, which hearing was canceled at the request of the claimant. Another application was made by the claimant on September 16, 1939, for the purpose of determining what permanent disability was present. This hearing was held on September 27, 1939, and an award made on October 27, 1939, denying compensation, on the ground that the claimant was not suffering from any injuries as a result of an accident which arose out of and in the course of his employment. There was no appeal from this award. On April 18, 1940, the claimant requested another hearing by the Industrial Board, on the ground of change in condition. This hearing was held on May 10, 1940, and an award was made June 10, 1940, by a director, granting compensation. On appeal by the carrier the board affirmed the award. The carrier appealed to the superior court, where the judge vacated the award of the Industrial Board. The exception is to this order.

On the hearing of the appeal in the superior court it was insisted by the insurance carrier that the question whether or not there was a disability was res judicata, on account of the first award by the director of the Industrial Board. The plaintiff contends that this question could not be raised for the first time in the superior court; and that, since there was evidence in the record to sustain the award of the board on the appeal from the award of the director on the second hearing, the judge should have affirmed the award. This case is on all fours with and is controlled by *Ætna Life Insurance Co.* v. *Davis,* 172 *Ga.* 258 (157 S. E. 449), where it was said: "The act of 1920 (Ga. Laws 1920, p. 167), known as the Georgia workmen's compensation act, by section 50 created the 'Industrial Commission' for the administration of the act. It is therefore an administrative body. *Gravitt* v. *Georgia Casualty Co.,* 158 *Ga.* 613 (2) (123 S. E. 897). The Industrial Commission has not the power and authority, under section 45 or other provisions of that act, after a full hearing and rendition of an award denying compensation, to which no appeal is entered, to entertain another application by the employee, filed after the time provided in the act for entering an appeal, for compensation for the same injury, based

on an alleged change in the condition of such employee.  *Gravitt v. Georgia Casualty Co.,* supra; *United States Casualty Co.* v. *Smith,* 162 *Ga.* 130 (2), 134 (133 S. E. 851)."  An examination of the record in the *Davis* case reveals that the employee was injured on May 15, 1928, and stopped work immediately; that an agreement was entered into on June 5, 1928, by the employer and the employee as to the compensation that should be paid; that this agreement was approved by the Industrial Commission on June 7, 1928, the approval providing that the compensation should be paid "during disability;" that an application was made by the employee on June 11, 1928, for a hearing for the purpose of determining the extent of disability; that this hearing was held on July 10, 1928; that as a result of the hearing on July 10, 1928, an award was made, denying compensation; that there was no appeal from this award; that on January 9, 1929, there was a request by the employee for another hearing, on the ground of change in condition; that the second hearing was held on February 14, 1929, as a result of which the commissioner made an award of compensation to the claimant; that the award was appealed to the superior court, and on a hearing the award was reversed and compensation denied. The question of res judicata was not raised anywhere in the record. Since the facts in these two cases are so nearly identical, further discussion of the ruling made is deemed superfluous.  The judge did not err in vacating the award of the Industrial Board, and in denying compensation.

*Judgment affirmed.  Stephens, P. J., and Sutton, J., concur.*