### 29379. MOORE *v.* AMERICAN MUTUAL LIABILITY INSURANCE COMPANY *et al.*

DECIDED APRIL 10, 1942.

*Myer Goldberg,* for plaintiff.

*Neely, Marshall & Greene,* for defendants.

GARDNER, J. (After stating the facts as above) : The plaintiff contends, first, that since the award of the director, affirmed by the Industrial Board, of May 6, 1941, is to the effect that the condition of plaintiff had not changed since the first award of June 13, 1939, the award under the agreement of November 16, 1939, should be disregarded as a matter of law, and the compensation be based upon the amount fixed on June 13, 1939, instead of the 25 per cent. basis as expressed in the award of November 16, 1939, based on an agreement; and, second, that if the court should find that the award, under the agreement of November 16, 1939, is to be taken as the true condition of the claimant at that time, then the finding of the board of May 6, 1941, showed that condition of claimant was changed.

We will deal with these questions together. It is well settled that the Industrial Board is without authority to increase or decrease an award for permanent partial or total disability except on a changed condition. *Fralish* v, *Royal Indemnity Co.,* 53 *Ga. App.*

557 (186 S. E. 567), lays down the following principle of law, in the first and fourth headnote: "1. Where there is no change in condition, the department can not rehear the case on its merits and determine under the evidence that the claimant was totally disabled and had been since his injury, and make an award increasing his weekly compensation payments from a fifty per cent. disability basis to a one hundred per cent. disability basis, or vice versa. *Gravitt* v. *Georgia Casualty Co.,* 158 *Ga.* 613 (123 S. E. 897). It has been held in other jurisdictions that in such a case evidence that the claimant's physical condition has always been worse than found by the previous award is not a showing of a change in condition. See 71 C. J. 1438 and cit. . . If the previous award finding the claimant's disability a fifty per cent. permanent partial disability, made upon application for review of the first award finding the claimant totally disabled, was without evidence to support it, it was not appealed from and upon affirmance brought to this court for final adjudication, and was therefore binding and conclusive on the parties, and could not be later set aside or disregarded on an application for a review on the ground of a change in condition, where the evidence did not authorize a finding that there was a change in the condition of the claimant."

The decision in *Rourke* v. *United States Fidelity & Guaranty Co.,* 187 *Ga.* 636 (1 S. E. 2d, 728), is authority to the effect that the award of November 16, 1939, which was unappealed, was fixed and binding upon the parties until it became modified in the manner prescribed by the workmen's compensation act. That case lays down the proposition that even though the award of November 16, 1939, was erroneous as to the amount of the compensation due, it became the law of the case as to the amount of the compensation, and that it could only be modified or terminated by proof of a changed condition. This changed condition must arise from future developments, as distinguished from any condition which existed prior to or at the time of the award as a result of the original injury. While it is true that the award of November 16, 1939, fixed the amount of compensation until a change in condition, as provided by the act, yet it does not necessarily follow that the percentage of compensation fixed by the award of November 16, 1939, measured the extent of the actual physical disability at the time the compensation became fixed. By reference to the

award of May 6, 1941, it will be observed that the board found that from the first award in June, 1939, "the claimant was totally disabled . . and has been continuously disabled, . . therefore the board could not hold that the claimant had suffered a change in condition."

We have read the evidence carefully and there is abundant proof on which the board was authorized to base this finding of fact. While the award does not mention the specific date of November 16, 1939, the date of this certainly was included within the finding that the condition was continuous from the first hearing, and would therefore include November 16, 1939. Indeed the record reveals that when the last hearing began (the hearing of June 13, 1941) the following colloquy took place between the director and the attorney for the claimant: "Mr. Goldberg: I am going to take the position that you have power to go beyond the agreements and I think it is your duty to go behind it. The director: You are going to have to show that the change took place since the agreement. Mr. Goldberg: That is what I propose to do. The director: You may proceed."

The agreement referred to was the agreement on which the award of November 16, 1939, was based, so the effect of the award under consideration was that there was no change in condition of the claimant since the hearing by the Industrial Board of June 13, 1939. Therefore the construction of the finding of the board was to the effect that there was no change in the condition of plaintiff since November 16, 1939. The law provides imperatively that a change in condition is essential to modify a final award. If it be true that the award of November 16, 1939, did not express the full amount of the compensation to which the claimant was entitled at that time, according to his then actual physical condition as a result of the injury, this court, under the law, is without authority to relieve him. We think the cases above cited sustain this conclusion of law. The case at bar is distinguished from *Tillman* v. *Moody*, 181 *Ga.* 530 (182 S. E. 906), which dealt with a death claim. See *Ingram* v. *Liberty Mutual Insurance Co.*, 62 *Ga. App.* 789 (10 S. E. 2d, 99).

The court did not err in dismissing the appeal.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*