## 31585. HARTFORD ACCIDENT & INDEMNITY COMPANY et al. v. CARROLL.

DECIDED JUNE 18, 1947. REHEARING DENIED JULY 16, 1947.

442

*T. Elton Drake,* for plaintiffs in error.
*Stonewall H. Dyer, Wright Lipford,* contra.

FELTON, J. ▇ It is the position of the plaintiff in error, rely-ing strongly on *Ætna Life Ins. Co.* v. *Davis,* 172 *Ga.* 258 (157 S. E. 449), that the first hearing, and the finding of the original director that the aggravation of the claimant's osteo-arthritis re-sulting from the injury had ceased after a period of ten months from the date of the injury, which finding was affirmed by this court, was a final adjudication of all the matters involved in the second hearing; and that, under the Code, § 114-709, or other pro-visions of the Workmen's Compensation Act, the State Board of Workmen's Compensation has not the power, after a full hear-ing, to entertain another application by the employee for com-pensation for the same injury, based on an alleged change in con-dition. In view of the ruling of the Supreme Court in *Lumber-men's Mutual Casualty Co.* v. *Cook,* 195 *Ga.* 397 (24 S. E. 2d, 309) (and see also *Lumbermen's Mutual Casualty Co.* v. *Cook,* 69 *Ga. App.* 131, 25 S. E. 2d, 67), and the fact that the parties had entered into an agreement, approved by the board, for payment of compensation, this position is untenable. By entering into the

agreement and obtaining the approval of the board, the parties precluded themselves from thereafter contradicting the matters there agreed upon, viz., that there was an accidental injury which arose out of and in the course of the employment, and that the injury was compensable. The effect of the agreement was to give the board jurisdiction of the matter and subject the case to the possibility of review under the terms of Code, § 114-709, should there be a change in condition. In the *Davis* case, supra, the Supreme Court apparently disregarded the agreement involved in that case and treated the case as though compensation had been denied in the first instance. In the *Cook* case, supra, however, the Supreme Court reconsidered the *Davis* case, which was decided by a divided court, Russell, C. J., and Hines, J., dissenting, and stated: "The language of the decision indicates that no consideration was given by this court to an approved agreement, and the case was decided upon the theory that no such agreement was involved, this court evidently overlooking the significance of the agreement . . [and] in view of the record, *that judgment is unsound and will not be followed.*" In answer to the question certified to it by this court the Supreme Court in the *Cook* case held: "Where the parties agree upon compensation to be paid to an injured employee, and the Industrial Board [State Board of Workmen's Compensation] approves the agreement, the board has authority, within the time prescribed by law, to hear and determine an application by the employee for additional compensation on the ground of a change in condition. The denial by the board of the employee's application for medical aid, subsequently to the approval by the board of the original agreement of the parties, is not res judicata on the matters presented by the petition for review, and does not bar the employee's right to such review." The effect of the ruling in the *Cook* case, refusing to follow the *Davis* case, is to overrule the *Davis* case as well as the following cases from this court, which were handed down by this court before the decision in the *Cook* case, in which this court was compelled to follow the ruling in the *Davis* case, insofar as they conflict with the ruling in the *Cook* case: *Martin* v. *United States Fidelity & Guaranty Co.,* 58 *Ga. App.* 59 (197 S. E. 660), and *Perry* v. *American Mutual Liability Ins. Co.,* 65 *Ga. App.* 130 (15 S. E. 2d, 471).

As indicated above, the agreement between the parties, approved by the board, had the effect of an original award *granting compensation,* and while the preliminary essentials, viz., that there was an accidental injury which arose out of and in the course of the employment are res judicata, the physical condition of the employee remained open for consideration at any time within the time prescribed by law, under the terms of Code, § 114-709. The finding by the original director that the aggravation had ceased in no way contradicted, nor could it have legally contradicted, the agreement that there had been an accidental injury which arose out of and in the course of the employment. These matters are res judicata. The claimant's physical condition, however, remained open for review and indeed the original director found that there had been a change in condition since the agreement, in that the aggravation had ceased. However, that finding merely adjudicated the claimant's condition at that time, and again the claimant's condition, under the circumstances, was left open to review (*Rhindress* v. *Atlantic Steel Co.,* 71 *Ga. App.* 898, 32 S. E. 2d, 554; *Hartford Accident & Indemnity Co.* v. *Camp,* 69 *Ga. App.* 758, 26 S. E. 2d, 679), and did not bar the employee of his right to have his physical condition at the time of the second hearing reviewed and determined.

■ To ascertain whether there was sufficient evidence to warrant the finding of the second director "that the claimant's condition has undergone a change for the worse," the evidence must be considered to see whether there had been a change in condition and whether this change in condition was attributable to the original injury sustained. All the evidence bearing upon this point has been set out in the statement of facts preceding this opinion, and we think it unnecessary to repeat it here. While there is ample evidence that Dr. Mims disagrees with the findings of the physicians who testified that there was no aggravation resulting from the injury at the time of the first hearing, and that he found an aggravation existing at the time of the second hearing which he attributed to the original injury—he nowhere testified that there has been a change in condition since the previous hearing which would tend to show that the findings at the previous hearing were incorrect. It is true that the claimant testified that his condition had grown worse since the last hearing, but he does not

say that his increased disability to move about and his increased pain and suffering were the result of the original injury. It could just as reasonably have been the result of the pre-existing osteo-arthritis as the employer's physicians testified. As was said by Judge Sutton in his dissenting opinion in *Miller* v. *Indemnity Ins. Co. of North America*, 55 *Ga. App.* 644, 648 (190 S. E. 868) : "A change in condition means a different condition from that existent when the award was made; and a continued incapacity of the same kind and character, and for the same injury, is not a change in condition. See *Fralish* v. *Royal Indemnity Co.*, 53 *Ga. App.* 557 (186 S. E. 567), and cit." The case of *Ware* v. *Swift & Co.*, 59 *Ga. App.* 836 (2 S. E. 2d, 128), is clearly distinguishable. There it is stated : "The evidence for the claimant was uncontroverted as to the cause of his paralysis and as to the fact that there had been a recent change in his condition. . . Likewise, there is no evidence which would disassociate the claimant's condition in 1937 [the time of the last hearing in the case] from the original injury." There was no evidence that the claimant's condition had changed since the first hearing in such a way as to show that the original finding was made without the light of the newest facts and conditions which could be found to show that the former award was erroneous.

The former award adjudicated that at the time of its rendition the aggravation caused by the injury had ceased to exist. No review of such an award may be had except for a change in condition based on evidence from which the board could find that the change in condition throws new light on the former findings. In this case there is no evidence that the change in condition throws new light on the former findings. Dr. Mims would have testified that the injury caused the claimant's condition at the last hearing and at the former if there had been no change in condition. The last hearing was nothing more than a hearing based on additional evidence, additional to that of the former hearing, and was not a hearing in which the new evidence that the aggravation from the injury did not cease at ten months from the injury, based on the change in the claimant's condition. If a new award based on a change in condition is allowed merely because a party can produce an additional witness to support his or its

original contention, there would be no end of hearings in any case until the statute barred further hearings. This the law does not permit. Consequently the award of the board granting compensation on the ground of a change in condition was unwarranted, and the superior court erred in affirming such award.

*Judgment reversed. Sutton, C. J., and Parker, J., concur.*