33211. SHEALY *et al. v.* BENTON.

DECIDED OCTOBER 19, 1950.

*E. C. Collins, McDonald & McDonald,* for plaintiffs in error. *Jay, Garden & Jay,* contra.

SUTTON, C. J. B. G. Benton filed his claim for compensation with the State Board of Workmen's Compensation against the Shealy Lumber Company, a partnership composed of L. B. Shealy Sr., and L. B. Shealy Jr., for an alleged accidental injury to the middle finger of his left hand, which he contended he received by sticking a splinter in said finger while engaged in firing a boiler for the Shealy Lumber Company at its sawmill in Ocilla, Georgia, on January 17, 1949. A hearing was had before a director of the Workmen's Compensation Board, who made a finding and entered an award for compensation in favor of the claimant. On appeal the award of the single director was approved and affirmed by the full board and was then affirmed by the Superior Court of Irwin County. The Shealy Lumber Company filed its bill of exceptions and brought the case to this court.

■ The plaintiff in error contends that the alleged injury to the claimant's finger, which resulted in the loss of his finger, did not arise out of and in the course of his employment, for the reason that it appears from the evidence that the claimant re-

ceived the injury to his finger while he was firing a boiler of the Shealy Lumber Company and that this was not in line with his duties as an employee of the lumber company. It is further contended by the plaintiff in error that the claimant failed to give notice to his employer of the alleged injury as required by the statute.

After reading and considering the evidence, we are of the opinion that the director was authorized to find therefrom that B. G. Benton sustained an accidental injury which arose out of and in the course of his employment. There was evidence to the effect that Benton was employed by the Shealy Lumber Company as night watchman at the sawmill during the month of January, 1949, and at the time of the alleged injury; that he went to work at 5:30 p.m. and got off from work at 6 a.m. the following morning and that he worked seven days a week, for which he was paid $30 per week; that his duties as such employee consisted of watching the mill at night and firing the boilers at the sawmill in the morning before he got off from work, and that on the morning of January 17, 1949, while firing one of the boilers, he stuck a splinter in the middle finger of his left hand, and the finger became infected within a few days and had to be amputated by Dr. Bowen in the hospital in Augusta where he had been sent by Dr. S. L. McElroy of Ocilla, who first treated the claimant's injured finger. There was evidence as to the loss of time, the extent of the claimant's disability from the injury, and the hospital and doctors' bills as the result of said injury. It also appears from the record that the employer here had failed and refused to comply with the provisions of the Workmen's Compensation Act, Code, §§ 114-601 et seq., with respect to carrying insurance or by qualifying as a self insurer with the board.

■ As to the contention of lack of notice of the injury to the employer, there was evidence to the effect that Benton, the claimant, on January 23, 1949, five days after the accident occurred on January 17th, reported the accident to Buster Brooks, the mill foreman of the Shealy Lumber Company, by showing Brooks his injured finger and telling him how the accident occurred; that his finger became infected from the injury and he had to quit work on this account on January 24, 1949, and went

to Dr. McElroy of Ocilla to have his finger treated on January 24, 1949, and on that day he requested Mrs. Vida Turner, his landlady, to report the accident to Mr. Shealy, and she went and saw Mr. L. B. Shealy Jr., at his office and reported to him that Benton had stuck a splinter in his finger at the mill some few days prior thereto and that his finger had become infected. The evidence as to notice of the injury to the employer was sufficient to meet the requirements of the law in this respect. Code, § 114-303 provides, in part: "Every injured employee or his representative shall, immediately on the occurrence of any accident, or as soon thereafter as practicable, give or cause to be given to the employer, his agent, representative, or foreman, or the immediate superior of the injured employee, a notice of the accident. This notice shall be given by the employee either in person or by his representative, and until such notice is given the employee shall not be entitled to any physician's fees nor to any compensation which may have accrued under the terms of this law prior to the giving of such notice." See *Van Treeck* v. *Travelers Ins. Co.*, 157 *Ga.* 204, 207 (121 S. E. 215); *Railway Express Agency* v. *Harper*, 70 *Ga. App.* 795(1) (29 S. E. 2d, 434).

■ The evidence, though conflicting, was sufficient to authorize the findings and award of the Workmen's Compensation Board in favor of the claimant in this case; and it is well-settled law that findings of fact by the Workmen's Compensation Board, if supported by any competent evidence, are conclusive, in the absence of fraud, and will not be set aside by the reviewing court. Code, § 114-710; *Bituminous Casualty Corp.* v. *Jackson*, 68 *Ga. App.* 447 (23 S. E. 2d, 191); *Harper* v. *National Traffic Guard Co.*, 73 *Ga. App.* 385 (36 S. E. 2d, 842).

*Judgment affirmed. Felton and Worrill, JJ., concur.*