33327. AMERICAN MUTUAL LIABILITY INSURANCE COMPANY *et al. v.* DUNCAN.

DECIDED APRIL 18, 1951. REHEARING DENIED MAY 18, 1951.

*Edgar A. Neely Jr., Neely, Marshall & Greene,* for plaintiffs in error.

*Hicks & Culbert,* contra.

WORRILL, J. In this case the claimant seeks compensation under the provisions of the Occupational Disease Statute (Georgia Laws, 1946, p. 103 et seq. (Code, Ann. Supp., § 114-801 et seq.) for the disease of silicosis. The record shows that there

was some evidence to support the finding and award. The findings of fact are: "After carefully considering the evidence adduced at the hearing in this case, I find as a matter of fact the nature of claimant's employment is hazardous as applied to silicosis within the meaning of § 114-801 of the Code. I further find as a matter of fact that claimant became temporarily totally disabled as a result of the disease of silicosis on January 22, 1949. I further find as a matter of fact that claimant contracted the disease of silicosis in the course of his employment and that the physical disability from which claimant was suffering on January 22, 1949, developed into silicosis on January 11, 1949, the date on which an x-ray of the claimant was made. Claimant's condition of silicosis was ascertained on July 11, 1949, at which time he was examined by Dr. R. F. Payne. The evidence shows that claimant had been working for this employer off and on for the past fifteen years. Dr. R. F. Payne testified that the x-ray made of claimant on July 11, 1949, showed silicosis and probably tuberculosis although the condition of tuberculosis was never verified. Dr. Payne further testified that silicosis is caused by the injection through the air of dust particles containing portions of silica, and is the result of working in foundries. I further find as a matter of fact that claimant's average weekly wage was not less than $50 a week as testified by claimant. I further find as a matter of fact that claimant sustained an accidental injury arising out of and in the course of employment on January 22, 1949, and which resulted in the disease of silicosis on July 11, 1949. I further find as a matter of fact that his disability which began on January 22, 1949, was the result of the inhalation of silica dust contracted by working at the Standard Stove & Range Company and which developol into silicosis by July 11, 1949." The award is: "Wherefore, it is the award of this director that the Standard Stove & Range Company, employer, and/or American Mutual Liability Insurance Company, insurance carrier, pay claimant compensation at the rate of $24 a week based on an average weekly wage of $50, beginning July 11, 1949, and continuing during the statutory period or until such time as claimant shall undergo a change in condition. The employer and/or insurance carrier are further directed to pay all reasonable medical, hospital and surgical ex-

penses incurred in connection with the treatment of claimant's injury. All accrued compensation is ordered paid promptly."

The Supreme Court and this court have repeatedly held that findings of fact and an award supported by any evidence are, in the absence of fraud, conclusive on the reviewing court. See, in this connection: *Great American Indemnity Co.* v. *Mitchell*, 49 *Ga. App.* 378 (175 S. E. 400); *Liberty Lumber Co.* v. *Silas*, 49 *Ga. App.* 262 (175 S. E. 265); *Adair* v. *Metropolitan Casualty Co.*, 48 *Ga. App.* 88 (171 S. E. 853), and others.

Under the evidence in this case there was no medical question in controversy within the meaning of Code (Ann. Supp.) § 114-819, and the Director of the State Board of Workmen's Compensation did not err in failing to refer the case to the Medical Board for investigation and report before entering an award in the case. The court did not err in affirming the award of the State Board of Workmen's Compensation.

This case was considered by the whole court as provided by the act approved March 8, 1945, (Ga. Laws, 1945, p. 232).

*Judgment affirmed. Sutton, C.J., MacIntyre, P.J., Gardner and Townesend, JJ., concur. Felton, J., dissents.*

FELTON, J., dissenting. Under the circumstances of this case, the question whether the claimant had silicosis should have been referred to the Medical Board. The law provides that silicosis must be demonstrated by x-ray or autopsy. In this case the effort was made to prove it by x-ray. While the single director found that Dr. R. F. Payne made the x-ray of claimant, such finding is contrary to the record. The doctor testified that he did not make the x-rays and that they were made by the technician at Battey Hospital, who did not testify at the hearing. There was no identification of the x-ray as that of claimant except by reference to the hospital records, which was insufficient. The evidence of identification of the picture was in the nature of hearsay and was without probative value. There was, therefore, no demonstration of claimant's silicosis by x-ray, as required by law. Wigmore on Evidence, 3rd Ed., Vol. III, § 795 (4), p. 191; Clark v. Reising, 341 Mo. 282 (107 S. W. 2d, 33); U. S. v. La Favor, 72 Fed. 2d, 827. Inasmuch as the court is holding that there is no medical controversy in this case, it seems to me that it should clearly define the term "medical con-

troversy" and explain when such a question is in issue for the future guidance of the State Board of Workmen's Compensation. If I am wrong in thinking that a medical question was involved, the award would still be illegal because without evidence to support it.