### 35104. TRAVELERS INSURANCE Co. *et al. v.* HAMMOND.

NICHOLS, J. 1. Findings of fact made by the Board of Workmen's Compensation are, in the absence of fraud, conclusive on the courts where there is any evidence to support them. *Liberty Mutual Ins. Co.* v. *Haygood,* 81 *Ga. App.* 726 (59 S. E. 2d 731); *Shealy* v. *Benton,* 82 *Ga. App.* 514 (61 S. E. 2d 582); *American Mutual Liability Ins. Co.* v. *Duncan,* 83 *Ga. App.* 863 (65 S. E. 2d 59); Code § 114-710.

2. An agreement fixing compensation between the employer and employee, approved by the Board of Workmen's Compensation, and not appealed from, is res judicata as to the matters therein determined, and the parties are precluded from thereafter contradicting or challenging the matters thus agreed upon. *Lumbermen's Mutual Cas. Co.* v. *Cook,* 195 *Ga.* 397, 399 (24 S. E. 2d 309); *Hartford Accident &c. Co.* v. *Carroll,* 75 *Ga. App.* 437, 444 (43 S. E. 2d 722).

3. A change of condition, within the rule that after entering an award the Board of Workmen's Compensation may increase or decrease the compensation allowed thereunder due to a change of condition, means a change of the physical condition of the claimant *subsequent* to the first award. It is true that mere proof by the claimant that he was, prior to the original award, injured in a greater degree than that found by the board, or stipulated by the parties in a settlement agreement approved by the board, and that his original injury has continued in the same degree and to the same extent as it was at the time of the original agreement, does not justify an increased award based on change of condition, no change having occurred subsequently to the agreement, or award. *Moore* v. *American Liability Ins. Co.,* 67 *Ga. App.* 259 (19 S. E. 2d 763); *Fralish* v. *Royal Indemnity Co.,* 53 *Ga. App.* 557 (186 S. E. 567); *American Mutual Liability Ins. Co.* v. *Hampton,* 33 *Ga. App.* 476 (127 S. E. 155).

4. Where, however, as here, an original settlement agreement based upon a 60% disability is agreed upon between the parties and approved by the Board of Workmen's Compensation, which agreement, by its express

terms, is disclosed by the last line thereof to be subject to a change in condition, and thereafter, on a hearing based upon a change of condition, there is some evidence, although slight, that the claimant's physical condition has become worse since the settlement agreement (the evidence being virtually undisputed that the claimant is, as of the latter hearing, totally and permanently disabled); an award finding the claimant totally and permanently disabled under evidence strongly supporting that finding plus some evidence that his condition has worsened since the original award, is binding upon the courts in the absence of fraud, and the employer and its insurance carrier are precluded from denying that, at the time of the first hearing, the claimant suffered a disability greater than 60%.

The judge of the superior court did not err in affirming the award based on change of condition.

*Judgment affirmed. Gardner, P. J., Townsend, Carlisle, and Quillian, JJ., concur. Felton, C. J., dissents.*

DECIDED JULY 12, 1954—REHEARING DENIED JULY 29, 1954.

*Burt DeRieux, Marshall, Greene & Neely,* for plaintiffs in error.

*Harris, Chance & McCracken, Kimball & Pierce,* contra.

FELTON, C. J., dissenting.  I dissent from the judgment of affirmance for the reason that the majority opinion is based on a misinterpretation of the record.  The majority opinion states that the new agreement of January 10, 1951, "specified that the claimant was 60% disabled".  This agreement is as follows: "It is agreed between the parties to the above case as follows: 1. On July 19, 1948, Ernest Hammond, while employed by R. D. Cole Manufacturing Company, earning eighty ($80) dollars a week, sustained injuries as the result of an accident which arose out of and in the course of his employment; and under agreement filed with and approved by the board claimant has been paid com-

pensation at the rate of twenty ($20) dollars a week for and during a period of one hundred twenty-four (124) weeks. 2. Claimant has received medical and surgical treatment at the hands of Dr. Lawson Thornton and Dr. Philip Warner and these doctors feel that if claimant's subjective complaints are as serious as the claimant professes them to be that another operation on claimant's back is advisable. Upon the other hand, claimant prefers not to have another operation by the above-named doctors and has expressed the desire to effect settlement of his case on a sixty per cent permanent partial disability basis. Wherefore an award is prayed approving this agreement under which defendants would pay claimant compensation at the rate of twelve ($12) dollars a week for the remainder of three hundred weeks from the date of his accident or until there was a change in his condition." At the hearing of this case before the single director the claimant testified that Dr. Lawson Thornton told him that he could expect a second operation to reduce his disability to sixty percent. He also testified that he had been totally disabled since his injury but felt worse since the above agreement. It thus appears without dispute that at the time of the settlement agreement the claimant was 100% disabled under the legal definition of the term as used in the workmen's compensation act, to wit, total loss of earning capacity, and that the purpose of the agreement was to arrive at an equitable settlement. The basis of the settlement was not the fact that the claimant was 60% disabled but that he was willing to settle on that basis for the reason that he refused to have an operation which would probably reduce his disability to 60%, which necessarily meant that at the time of the settlement his disability was more than 60%. It was 100%, as shown conclusively by the evidence. The agreement shows that there was no stipulation that the claimant's disability at that time was 60% but that the settlement was *on a 60% basis* by reason of the facts above stated. Since the claimant's disability since the injury has always been 100%, there could not possibly be a change in condition for the worse, as the law defines the term, and the fact that the claimant became or felt worse physically could not have the effect of increasing his disability to more than 100%. There is no provision of law for payment of more than 100% disability, so the finding in this case is contrary to facts and the law.