### 39160. GREAT ATLANTIC & PACIFIC TEA COMPANY v. SHAW.

DECIDED NOVEMBER 16, 1961—REHEARING DENIED DECEMBER 12, 1961.

M. D. McClendon, Bryan, Carter, Ansley & Smith, for plaintiff in error.

Rex T. Reeves, Merrell Collier, contra.

EBERHARDT, Judge. The well-settled rule in Georgia is that an award of the Workmen's Compensation Board will not be reversed if there is any competent evidence to support it. While the employer attempts to raise issues relative to a pre-existing back injury mentioned in the first award made by the board, there are many cases supporting the proposition that "The original award is conclusive on both the employer and employee as to the extent of the disability of the employee, as found by the [board]." Home Acc. Ins. Co. v. McNair, 173 Ga. 566 (1b) (161 SE 131). E.g., Moore v. American Mut. &c. Ins. Co., 67 Ga. App. 259 (19 SE2d 763); Riegel Textile Corp. v. Vinyard, 88 Ga. App. 753, 755 (77 SE2d 760). Therefore, the application of the "any evidence" yardstick is all that is necessary here.

The claimant testified about his condition in January, 1958, the date of the award, as contrasted to his condition in November, 1959, when he had requested a hearing on a change of condition. At the former time, he could "do some work," although limited in his bending; he drove to California in a pickup truck; he could pick up forty to sixty pounds; he could walk for most of the day; he could sleep through the entire night; he did carpentry work around his house; and, he worked in a service station as a "front man" waiting on trade. At the latter time, he couldn't do any work; he suffered when driving from his home in Mountain View to Atlanta; he could not carry grocery sacks weighing fifteen to twenty pounds into the house; he could walk for no more than thirty minutes; he got up about three or four times a week in the night; he was "too painful" to do any carpentry work; and, he was no longer able to work at the service station.

This uncontradicted evidence, of itself, would probably be sufficient to meet the "any evidence" test. See General Motors Corp.

104

*v. Craig,* 91 Ga. App. 239, 240 (85 SE2d 441); *Travelers Ins. Co. v. Hammond,* 90 Ga. App. 595 (83 SE2d 576). However, it was substantiated by his service station employer who testified that claimant's ability to do the "front man" work dwindled to the point where he was unable to perform his duties. Further, an orthopedic surgeon testified that claimant's physical condition was consistent with his testimony. The physician further stated that, while claimant could do some "light work" on occasion, some days he might not be able to do any work because of the pain. Even the neurological surgeon selected by the employer testified that claimant's later difficulties could be traced to the original injury.

Thus, it is abundantly clear that the "any evidence" rule has been satisfied here and the superior court did not err in affirming the award of the board.

*Judgment affirmed. Carlisle, P. J., and Custer, J., concur.*