A10A0790. BIG LOTS et al. v. KIKER.
(695 SE2d 710)

ANDREWS, Presiding Judge.

Big Lots and its workers' compensation insurer, Sentry Insurance Company, appeal from the decision of the superior court reversing the award of the appellate division of the State Board of Workers' Compensation which discontinued medical treatment benefits previously awarded to Robyn Kiker for a work-related back injury on the basis that the injury resolved. We reverse. The superior court erroneously excluded evidence supporting the award and erroneously failed to affirm the appellate division award supported by competent evidence.

In a June 2004 award, the State Board's trial division found that in July 2002, while working as a cashier for Big Lots, Kiker incurred a compensable accidental injury to her back which aggravated her preexisting back condition, and that Kiker was entitled to disability benefits and continued medical treatment benefits for the back injury. In June 2009, the appellate division (adopting the March 2009 award of the trial division) found pursuant to OCGA § 34-9-1 (4) that, because medical evidence showed the July 2002 injury which aggravated Kiker's preexisting back condition had ceased to be the cause of her back-related disability, she experienced a change of condition for the better and was no longer entitled to receive medical treatment benefits.[1] The trial and appellate divisions found that medical evidence showed the July 2002 injury resolved and that Kiker's present disability was caused by her preexisting back condition. On appeal, the superior court reversed the appellate division award. The superior court found: (1) that a December 2005 consent order in the trial division, which changed the authorized treating physician for Kiker's back injury, had the effect of rendering res judicata (as of that date) that Kiker's July 2002 injury continued to be the cause of her back-related disability; (2) that only evidence showing change of condition subsequent to the consent order could be considered; and (3) that there was no evidence subsequent to the consent order which showed that Kiker's July 2002 injury resolved and ceased to be the cause of her back-related disability.

To establish that Kiker's condition changed for the better because her July 2002 injury resolved required proof of change occurring after the date on which her physical condition as a result of the injury "was last established by award or otherwise." OCGA § 34-9-104 (a); *Hartford Accident &c. Co. v. Carroll*, 75 Ga. App. 437, 443-445 (43 SE2d 722) (1947). We find that the December 2005 consent order changing treating physicians did not establish by award or otherwise Kiker's physical condition resulting from the injury. See id. at 444. Accordingly, the superior court erred by concluding that only evidence of change occurring after the December 2005 consent order could be considered. In any event, the trial and appellate divisions based their awards on medical evidence through June 2008 showing that, after Kiker's physical condition resulting from the July 2002 accidental injury was established in the original June 2004 award, the injury

---

[1] Under OCGA § 34-9-1 (4), a compensable injury
shall include the aggravation of a preexisting condition by accident arising out of and in the course of employment, but only for so long as the aggravation of the preexisting condition continues to be the cause of the disability; the preexisting condition shall no longer meet this criteria when the aggravation ceases to be the cause of the disability.

resolved and ceased to be the cause of her back-related disability. The primary medical evidence supporting this conclusion was presented by Thomas Dopson, M.D., who reviewed medical examinations and testing done on Kiker through June 2008 which showed that, after the original June 2004 award, her July 2002 back injury resolved; that her preexisting back condition progressively worsened apart from any aggravation initially caused by the July 2002 injury; and that her present back-related disability was caused, not by the July 2002 injury, but by her preexisting back condition.

Because the findings of the trial and appellate divisions were supported by some competent evidence, they were binding and conclusive on the superior court. OCGA § 34-9-105; *Dallas v. Flying J, Inc.*, 279 Ga. App. 786, 787 (632 SE2d 389) (2006).

*Judgment reversed. Ellington and Doyle, JJ., concur.*

DECIDED MAY 25, 2010 — 

*Hill, Kertscher & Wharton, Douglas R. Kertscher*, for appellants.
*Smith, Wallis & Scott, Kenneth A. Smith*, for appellee.