19893.  TEEMS v. AMERICAN MUTUAL LIABILITY INS. Co. et al.

STEPHENS, J.  1. The industrial commission is authorized to review a former judgment rendered by it only when there has been "a change in condition." Workmen's compensation act, sec. 45 (Ga. L. 1920, p. 191). A judgment denying compensation is an adjudication against the claimant's right to compensation upon any ground existing which the commission could, when rendering the judgment, have granted compensation, unless, since the rendition of the judgment, there has been "a change in condition." Where, on a former hearing before the industrial commission, compensation from the date of the injury was denied the claimant upon the ground that his refusal to accept the medical services tendered by the employer was unreasonable, this judgment, in the absence of any possible subsequent change in condition,

amounts to an adjudication of the claimant's right to compensation from the date of the injury to the date upon which the medical services tendered by the employer were refused by the claimant. Where, since the rendition of the judgment, there has been no change in condition which would authorize its modification, it operates as res judicata as to any right of the claimant to compensation for the period between the date of the injury and the date upon which the tendered medical services were refused by the claimant.

2. Upon the hearing by the industrial commission of an application for compensation, where it appears that the commission by a former judgment denied compensation to the claimant for the period during which the claimant had, in the opinion of the commission, unreasonably refused to accept medical services for his injuries tendered him and provided by the employer, and where, after the rendition of this judgment, the claimant accepted the medical services tendered and provided by the employer, the industrial commission properly held that, by reason of the former adjudication, the claimant· was not entitled to compensation for the period prior to the date of his acceptance of the medical services tendered and provided by the employer; and where, from the evidence introduced on the hearing before the industrial commission, the inference was authorized that upon the date when the claimant accepted the medical services tendered by the employer he had recovered from the injury and that he since suffered no incapacity from work by reason of the injury, the industrial commission was authorized in so finding, and in denying compensation.

3. The judge of the superior court did not err in affirming the judgment of the industrial commission.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 12, 1930.

*William E. & Gordon Mann,* for plaintiff.
*Harry L. Greene, McDaniel, Neely & Marshall,* for defendant.