21322. Interstate Telephone Company *v.* Holt.

</div>

Stephens, J. 1. Where on a review by the industrial commission of an award of compensation, which was made on the ground of a change in condition, as provided in section 45 of the workmen's compensation act,

on application of the employee, the industrial commission found that "it is incumbent upon the claimant to show to the satisfaction of the Commissioner that there has been a change in his condition for the worse, as the result of his original accident, since he signed a release showing that he had been compensated for his injuries and the claimant has failed to do this to the satisfaction of the Commissioner; whereas the superior weight of the testimony is that there has been no change in his condition since he signed the release to his employer on November 21, 1929," and where it appears clearly and without dispute, both from the evidence and the record, that the date of the release which the employee signed was November 21, 1928, instead of November 21, 1929, the judgment, properly construed, found that there had been no change in condition since the date upon which the employee signed a release showing that he had been paid compensation in full, which was November 21, 1928. Upon an appeal to the superior court by the employee from this judgment, the court erred in construing the judgment of the commission as being one finding that there had been no change in condition only since November 21, 1929.

2. Upon an appeal to the superior court, by the employee, from this judgment, where the court sustained the appeal and set the judgment of the commission aside, giving as a reason therefor that the commission erred in confining the inquiry as to the employee's change in condition from November 21, 1929, and recommitted the case to the commission for a further hearing, with specific instructions that the commission, upon a new hearing, should determine "whether or not there has been a change in the condition of the employee since November 21, 1928, from the condition revealed on the hearing when the award was made under which compensation was paid until that date," this judgment, not by virtue of the reasons given by the court for a reversal of the judgment, but by virtue of the specific instructions to the commission, confines the commission, upon another hearing of the case, to a determination of the question whether there has been a change in condition of the injured employee only since November 21, 1928; and where this judgment, with these instructions, is not excepted to by the claimant, the claimant can not, where this judgment of the superior court setting aside with instructions the judgment of the commission is excepted to by the employer, urge its affirmance upon the ground that the judgment of the commission, in not determining that the change in condition had arisen since the date of the original award, was error.

3. The evidence adduced before the industrial commission was sufficient to authorize a finding that since November 21, 1928, there had been no change in the condition of the injured employee resulting from the injury which he had received, and the superior court erred in setting aside the judgment of the commission.

4. Upon the hearing of an application for compensation upon the ground of a change in condition, as provided in section 45 of the workmen's compensation act, the commission can make no award of compensation unless there has been a change in condition. It follows therefore, that, since the judgment of the commission denying compensation upon the ground that there had been no change in condition was not error, the judgment of the superior court rendered on an appeal by the employee

from the judgment of the commission, which set aside the judgment of the commission, with further instructions that the commission determine whether or not the employee should receive compensation in addition to that which was given by the original award, was error.

5. The superior court erred in setting aside the judgment of the industrial commission.

*Judgment reversed. Jenkins, P..J., and Bell, J., concur.*

DECIDED FEBRUARY 29, 1932.

*Smith, Hammond, Smith & Bloodworth, William H. Smith,* for plaintiff in error.

*Stanford Arnold,* contra.