### 22792. WILLIAMS v. UNITED STATES CASUALTY CO. *et al.*

DECIDED SEPTEMBER 14, 1933.

*Shackelford & Shackelford, Fred A. Gillen,* for plaintiff.
*McDaniel, Neely & Marshall, Harry L. Greene,* for defendants.

MacINTYRE, J. On February 3, 1931, a member of the Department of Industrial Relations (formerly the Industrial Commission)

made an award in favor of the plaintiff in error for compensation "beginning February 11, 1930, and continuing during disability, not exceeding 350 weeks, or until such time when there may be a change in his condition, at which time this award may be changed to suit such changed condition." This award states that "the employee is now disabled on account of an accident arising out of and in the course of his employment." The award was affirmed, on appeal, by the full board, and was also affirmed on appeal to the superior court. After paying compensation in accord with the award, for a period of 76 weeks, the defendants in error asked for a hearing before the Department of Industrial Relations not only upon the provisions of section 45 of the workmen's compensation act [Ga. L. 1920, pp. 167, 191; Michie's Ga. Code 1926, § 3154 (45)], but also upon that part of the award which is quoted above and relates to changed condition. On April 15, 1932, Director T. E. Whittaker, on review of the first award, found that "The evidence in this case shows, and the Director finds, that the claimant has no disability as a result of the accident and injury sustained in February, 1930" (the injury for which claim was made), and that "The claim for additional compensation is denied and the case dismissed." This second award was affirmed on appeal to the full board, and was also affirmed on appeal to the superior court. To that judgment the claimant excepted.

Section 45 of the compensation act reads as follows: "Upon its own motion before judicial determination or upon the application of any party in interest on the ground of a change in condition, the Industrial Commission may at any time review any award or any settlement made between the parties and filed with the Commission, and, on such review, may make an award ending, diminishing or increasing the compensation previously awarded or agreed upon, subject to the maximum or minimum provided in this Act, and shall immediately send to the parties a copy of the award. No such review shall effect [affect] such award as regards any monies paid."

Judge Jenkins, speaking for the court in *South* v. *Indemnity Insurance Co.*, 39 *Ga. App.* 47 (3) (146 S. E. 45), said: "Upon an application for such review, the essentials leading up to the award are to be taken as res judicata, but the physical condition of the employee remains open to inquiry," and cites as supporting this

ruling Workmen's Compensation Acts, C. J. Appendix, which refers, in notes 78 and 79, page 132, to the case of Beckwith *v.* Spooner, 183 Mich. 323 (149 N. W. 971). At page 329 of the Michigan Report here cited, the case of Mead *v.* Lockhart, 2 B. W. C. C. 398, is cited as authority on the point. In that British case the employers applied for a review of a former award and tendered evidence to show that the medical evidence given on the former award as to the claimant's condition at that time was wrong. The claimant objected to the tender of evidence on the ground that his condition at the former time was res adjudicata and it was open to the employers only to show some change in his condition since the former award, and the court held that the claimant's condition was not res adjudicata. In Sharman *v.* Holliday, 1 K. B. (1904) 235, 240, Mathew, L. J., said: "The condition of the workman's health at the time of the original award is in such a case as this a subject of medical opinion and speculation, and ought not in reason to be treated as conclusively determined for the purposes of the workmen's compensation act . . by the decision of the county-court judge on the original hearing, as if it were a disputed fact which, upon conflicting evidence, had been determined on the trial of an action." In Thranmere &c. Co. *v.* Brennan, 2 B. W. C. C. 403, two doctors gave evidence on the occasion of the first application and gave evidence again on the occasion of a second hearing. The trial judge, on the second hearing, held that it was virtually an appeal against an existing decision, and that in his opinion the facts were adjudicated at the first hearing; but this determination was reversed by the appellate tribunal, which sent the case back for adjudication in accordance with evidence which might be tendered anew. In Radcliffe *v.* Pacific &c. Co., 1 K. B. (1910) 685, the question raised by the appeal was "whether there could be a review of the weekly payments with no change in the physical condition of the injured workman since the last award or review, that question being in effect res judicata." It was said by Cozens-Hardy, M. R., page 688: "It must never be forgotten that a review under clause 16 is not an appeal, nor is it a rehearing. It implies the introduction of new elements, or, as has been often said, a change of circumstances. It is not at first obvious that the doctrine of res judicata can in any way apply to an award which is expressly made liable to review. But it has been held, and I think

rightly held, that an award stating that a man's wages at the date of the accident were ten shillings can not be reviewed on such a point. Crossfield & Sons Ld. *v.* Tanian. That is a positive fact, not admitting of a change of circumstances, and not a matter of opinion. The same consideration would prevent the reopening of an award finding that A. B. is or is not a dependent. On the other hand, it has been held that an award based upon medical opinion of a man's physical condition at one time in no way prevents a different award at a subsequent date when experience may have proved that the view of the doctors was wrong: Sharman *v.* Holliday & Greenwood Ld. In the language of Lord Collins, 'I think there is a change of circumstances where subsequent experiment has shewn that the previous opinion based on expert evidence was wrong.'" In the same case Fletcher Moulton, L. J., said: "I am of the opinion that the particular question raised in this appeal is fully covered by the decision of the Court of Appeal in Sharman *v.* Holliday & Greenwood Ld. It was held in that case that a decision as to the condition of the workman and the nature of his injuries did not constitute res judicata, because it was merely the expression of opinion based on the evidence then procurable, and that it might be corrected at a future time when experience and future developments had increased the materials for arriving at a correct conclusion."

In the instant case on the question as to the effect of the accident upon the plaintiff in error; that is, as to his disability arising out of the accident, the evidence was by the plaintiff in error and two doctors. On the review of the first award the evidence of claimant as to his disability was given by himself and the same two doctors. However, it was the testimony of Dr. C. W. Roberts, who bears the title of Adviser to the Commission, upon which the second award was based. We think the evidence in this case authorized the Director to find that Williams, the claimant, was suffering from an accident and injury at the time of the first award in his favor; that this condition had cleared up; and that any disability he might have been suffering at the time of the second award was caused by and resulted solely from a diseased condition in no way connected with the accident.

We hold that the employee's condition at the time of the first award was not res adjudicata; notwithstanding the fact that the

evidence on the hearing of the application for review called in question the accuracy of the medical evidence given upon the first hearing as to the condition of the employee. We therefore think that this case comes under the rule announced by Judge Jenkins in *South v. Indemnity Insurance Co.*, supra, and in *Gossett v. United States Fidelity &c. Co.*, 41 Ga. App. 512 (153 S. E. 441).

Judgment affirmed. *Broyles, P. J., and Guerry, J., concur.*