28208.  INGRAM *v.* LIBERTY MUTUAL INSURANCE
COMPANY *et al.*

Decided July 5, 1940.

*C. B. McCullar,* for plaintiff.

*Neely, Marshall & Greene,* for defendants.

STEPHENS, P. J. (After stating the foregoing facts.) "'Upon their own motion before judicial determination or upon the application of any party in interest on the ground of a change in condition, the Industrial Board may, within two years from the date that the Board is notified of the final payment of claim, review any award or any settlement made between the parties and filed with the Board and, on such review, may make an award ending, diminishing or increasing the compensation previously awarded or agreed upon." Code, § 114-709, as amended by acts of 1937 (Ga. L. 1937, pp. 230, 233, 528, 534). It is only where there has been a change in the condition of the claimant since the original award that the board may, on review, alter or change the original award, increasing the compensation or granting additional compensation. *Home Accident Insurance Co.* v. *McNair,* 173 *Ga.* 566 (161 S. E. 131); *Teems* v. *American Mutual Life Insurance Co.,* 41 *Ga. App.* 100 (151 S. E. 826). Under the Code, § 114-709, on application to review a previous award upon change in condition, only the physical condition of the employee remains open to inquiry. *South* v. *Indemnity Insurance Co.,* 39 *Ga. App.* 47 (146 S. E. 32). A change in condition exists where maximum improvement has not been reached and subsequent developments show additional impairment; and it does not exist where the condition of the claimant is the same as at the time of the initial hearing. For instance, where there are no future developing facts and circumstances

showing a change in condition with reference to the claimant by reason of his previous injury, such as would show an increase or decrease in extent of his disability, and consequently change the amount of his compensation, a previous award, finding the claimant a certain per cent. disabled and therefore entitled to receive compensation in accordance therewith, is final, and may not be reviewed under the Code, § 114-709. See *Fralish* v. *Royal Indemnity Co.*, 53 *Ga. App.* 447 (186 S. E. 567). The claimant suffered an accidental injury arising out of his employment, which caused a partial loss of the use of his right arm. A claim was filed and a hearing had thereon, at which there was the medical testimony of Dr. O. C. Woods that the claimant's injury amounted to a 25 per cent. permanent partial loss of the use of his right arm; and upon the parties agreeing thereto, the director, on July 17, 1937, rendered an award granting compensation to the claimant accordingly. On November 30, 1938, the claimant requested of the Industrial Board a hearing, on the ground of a change in condition. Upon this hearing the testimony of the sole medical expert, Dr. O. C. Woods, was that he made a recent examination of the claimant, and that in his opinion there was no change in the claimant's condition since his previous examination made before the initial hearing, and on which the original award was based, the claimant having about the same disability to his arm as he then had. There was testimony of the claimant and of his mother that his condition was "worse" than it was at the time of the original award, and that he was only able to do "light" work. However, the director found as a matter of fact that there had been no change in the condition of the claimant, and denied any additional or further compensation. Upon appeal this award was affirmed by the board, and that judgment was affirmed on appeal to the superior court. Under the testimony of Dr. Woods, the finding of fact that there had been no change in the condition of the claimant was authorized, and this finding was conclusive on appeal to the superior court. Code, § 114-710; *Interstate Telephone Co.* v. *Holt*, 45 *Ga. App.* 85 (163 S. E. 234); *South* v. *Indemnity Co.*, 41 *Ga. App.* 827 (155 S. E. 48).

This leaves for consideration only one question: Should the director, under the facts and circumstances of this case, have complied with the claimant's request to have appointed a disinterested

and duly-qualified physician to make an examination of the claimant, with the view to obtaining further information as to whether there was a change in his physical condition, due to his previous injury? The Georgia act provides: "The directors . . or any one of them, may, upon the application of either party or upon their own motion, appoint a disinterested and duly-qualified physician or surgeon to make any necessary medical examination of the employee and to testify in respect thereto." Code, § 114-713. The provision that the director of the Industrial Board "may" appoint a disinterested and duly-qualified physician to examine the employee has been held to invest in the director the discretion of making or refusing such appointment. Spearman *v.* F. S. Royster Guano Co., 188 S. C. 383 (199 S. E. 530). Under a similar statute the Supreme Court of Massachusetts stated that the appointment of an impartial physician by the directors is to be regarded as permissive rather than mandatory. O'Neil's case, 262 Mass. 266 (159 N. E. 731). In a Texas case arising under the compensation law it was held, that even though the appointment of a physician to examine the claimant is discretionary with the Industrial Board, it should be permitted where the true effect and extent of the claimant's injuries are in doubt and would be cleared up by an examination. Texas Employees Insurance Asso. *v.* Downing (Tex. Civ. App.), 218 S. W. 112. In Tenison *v.* School City of Evansville, 103 Ind. App. 569 (9 N. E. 2d, 92), the Indiana Court of Appeals held it was not error for the Industrial Board to order an examination of the claimant by two physicians appointed by it, even though the claimant had been examined by a physician before the hearing, as it was within the discretion of the board to hear additional parties as to any additional facts they may desire to produce. It has been said that when a physical examination as to the condition of a party is to be made under the order of the court, it would seem obvious that an examination by disinterested experts chosen by the court would be more conducive to the ascertainment of the truth than that of physicians selected by the plaintiff's antagonists, whose examination and opinions are more apt to be partisan, and in the ordinary case it is more appropriate to request the court to name the examiners. Texas Employees Insurance Asso. *v.* Downing, supra, citing 14 R. C. L. 712, and *Richmond & Danville Railroad* v. *Childers,* 82

*Ga.* 719 (9 S. E. 602, 3 L. R. A. 808, 14 Am. St. R. 189). It "might be a wise exercise of discretion to grant the motion where physicians of the respective parties have testified and their opinions differ upon matters seemingly capable of possible ascertainment, and the court is asked to appoint disinterested and unbiased physicians to make the examination." 14 R. C. L. 719, note 4.

It is not for this court to say whether the director would have been justified in his discretion, under the facts in this case, in ordering an examination of the claimant by a disinterested and duly-qualified physician. We have only to determine whether the facts were such as to demand that such appointment be made by the director. In the light of all the facts in the record before the court, which have been set out at length in the preceding statement of facts, and which have been carefully examined by this court in considering the contentions of the claimant relative to refusal of the director to appoint such physician to examine him, it is our opinion that it does not appear therefrom that the director abused his discretion in denying the request of counsel that a disinterested physician be appointed to examine the claimant. While the purpose of the compensation law is to provide compensation without regard to the rules of the common law and of the statutes as to the liability of employers for injuries to employees arising out of and in the course of the employment, and the compensation act is to be properly construed so as to benefit the injured employee, no provision is made in the compensation law that the directors of the Industrial Board shall, because of the inability of an injured employee on account of his poverty to procure a physician to examine him and to testify upon the trial, appoint a disinterested physician to examine such employee and testify as to the result of his examination. Instead, under the very wording of the statute, the directors are clothed with a broad discretion in the matter, and their grant or refusal of such a request by the injured employee, or by the employer, or insurance carrier, is not subject to be reviewed by the courts unless it appears from the facts that there has been a clear and manifest abuse of such discretion. In this case, Dr. O. C. Woods made two examinations of the claimant, one before the first award, and on which that award was based and compensation paid, and the other just before the hearing, on the ground of a change in condition. It is true that this physician was the

physician for the employer and the insurance carrier. However, the director heard him testify, and he testified that he made a thorough physical examination of the claimant. The credit and weight to be given to the testimony of the witness was for the director. Likewise, the director observed the claimant who was present, and examined him at the hearing. The director could consider the physical appearance of the claimant in determining whether there had been a "change in the physical condition of the claimant." *Abbercrombie* v. *Maryland Casualty Co.*, 41 *Ga. App.* 729 (154 S. E. 459). While the director could consider the testimony of the claimant and of the mother of the claimant, which was that the claimant's condition was "worse" (*Sears* v. *Griggs*, 48 *Ga. App.* 585, 173 S. E. 194), he was not bound thereby, in view of the testimony of the physician tending to discredit their testimony. *U. S. Fidelity &c. Co.* v. *Hall*, 34 *Ga. App.* 307 (129 S. E. 305) ; *Liberty Mutual Ins. Co.* v. *Williams*, 44 *Ga. App.* 452 (161 S. E. 853). The superior court did not err in affirming the award of the Industrial Board in this case.

*Judgment affirmed.* *Sutton and Felton, JJ., concur.*