### 29705. CITY OF ATLANTA *v.* PADGETT.

DECIDED OCTOBER 3, 1942.

104

*J. C. Savage, E. L. Sterne, J. C. Murphy, Frank A. Hooper Jr.*, for plaintiff in error. *Fraser & Irwin*, contra.

GARDNER, J. (after stating the foregoing facts.) The alleged errors of which complaint is made may be grouped into two divisions: first, the board acted in excess of authority and contrary to law; second, the evidence did not warrant the finding. We have set out in unusual detail the record in this case. We have made diligent search and have been unable to find where this court or any other court has passed upon a similar case.

1. This contention arose under Code § 114-501, which reads as follows: "In case of a controversy arising between the employer and the employee relative to the continuance of medical, surgical, hospital, or other treatment, the board may order such further treatments as may in the discretion of the board be nec-

essary. The board may at any time upon request of an employee order a change of treatment and designate other treatment suggested by the injured employee subject to the approval of the board, and in such a case the expense thereof shall be borne by the employer upon the same terms and conditions as hereinbefore provided in this section for medical and surgical treatment and attendance. The refusal of the employee to accept any medical, hospital, surgical, or other treatment when ordered by the Industrial Board shall bar said employee from further compensation until such refusal ceases, and no compensation shall at any time be paid for the period of suspension unless in the opinion of the Industrial Board the circumstances justify the refusal, in which case the Board may order a change in the medical or hospital service."

Counsel for plaintiff in error cite a number of decisions, beginning with *Teems* v. *American Mutual Liability Insurance Co.,* 41 *Ga. App.* 100 (151 S. E. 826). The ruling in that case is of no assistance in deciding the point before us. The case simply holds that, where the Industrial Board has adjudged that the refusal of the claimant to accept medical services tendered by the employer was unreasonable on the part of the claimant, he was not entitled to receive compensation from the date of the injury to the date the medical services were refused, and that such adjudgment by the board operates as res judicata as to the right of the claimant to compensation for the period between the date of the injury and the date on which the tendered medical services were refused by the claimant. And, too, this judgment was based on the statement, "in the absence of any possible subsequent change in condition." The facts in the *Teems* case thus differentiate it from the case at bar.

Our attention is next called to *New Amsterdam Casualty Co.* v. *McFarley,* 191 *Ga.* 334 (12 S. E. 2d, 355). That case is not in point for the reason that there the proceeding was brought under and dealt with the principles of law prescribed in Code § 114-709. On page 338 the Supreme Court distinctly stated: "Hence the question of compensation in the form of medical aid under section 114-501 is not involved." So what is said in the *McFarley* case does not bear on the case before us.

We are next cited to *Williams* v. *United States Casualty Co.*, 47 *Ga. App.* 508 (170 S. E. 894). That case arose and was determined under the Code, § 114-709, and not under § 114-501. With reference to that case, however, collaterally we might here with benefit quote a decision which Judge MacIntyre quoted in the *Williams* case: "At page 329 of the Michigan Report here cited, the case of Mead *v.* Lockhart, 2 B. W. C. C. 398, is cited as authority on the point. In that British case the employers applied for a review of a former award and tendered evidence to show that the medical evidence given on the former award as to the claimant's condition at that time was wrong. The claimant objected to the tender of evidence on the ground that his condition at the former time was res adjudicata and it was open to the employers only to show some change in his condition since the former award, and the court held that the claimant's condition was not res adjudicata. In Sharman *v.* Holliday, 1 K. B. (1904) 235, 240, Mathew, L. J., said: 'The condition of the workman's health at the time of the original award is in such a case as this a subject of medical opinion and speculation, and ought not in reason to be treated as conclusively determined for the purposes of the workmen's compensation act . . by the decision of the county-court judge on the original hearing, as if it were a disputed fact which, upon conflicting evidence, had been determined on the trial of an action.' In Thranmere &c. Co. *v.* Brennan, 2 B. W. C. C. 403, two doctors gave evidence on the occasion of the first application and gave evidence again on the occasion of a second hearing. The trial judge, on the second hearing, held that it was virtually an appeal against an existing decision, and that in his opinion the facts were adjudicated at the first hearing; but this determination was reversed by the appellate tribunal, which sent the case back for adjudication in accordance with evidence which might be tendered anew. In Radcliffe *v.* Pacific &c. Co., 1 K. B. (1910) 685, the question raised by the appeal was 'whether there could be a review of the weekly payments with no change in the physical condition of the injured workman since the last award or review, that question being in effect res judicata.' It was said by Cozens-Hardy, M. R., page 688: 'It must never be forgotten that a review under clause 16 is not an appeal, nor is it a rehearing. It implies the introduc-

tion of new elements, or, as has been often said, a change of circumstances. It is not at first obvious that the doctrine of res judicata can in any way apply to an award which is expressly made liable to review. But it has been held, and I think rightly held, that an award stating that a man's wages at the date of the accident were ten shillings can not be reviewed on such a point. Crossfield & Sons Ld. *v.* Tanian. That is a positive fact, not admitting of a change of circumstances, and not a matter of opinion. The same consideration would prevent the reopening of an award finding that A. B. is or is not a dependent. On the other hand, it has been held that an award based upon medical opinion of a man's physical condition at one time in no way prevents a different award at a subsequent date when experience may have proved that the view of the doctors was wrong: Sharman *v.* Holliday & Greenwood Ld. In the language of Lord Collins, "I think there is a change of circumstances where subsequent experiment has shewn that the previous opinion based on expert evidence was wrong." ' In the same case Fletcher Moulton, L. J., said: 'I am of the opinion that the particular question raised in this appeal is fully covered by the decision of the Court of Appeal in Sharman *v.* Holliday & Greenwood Ld. It was held in that case that a decision as to the condition of the workman and the nature of his injuries did not constitute res judicata, because it was merely the expression of opinion based on the evidence then procurable, and that it might be corrected at a future time when experience and future developments had increased the materials for arriving at a correct conclusion.' "

Our attention is next called to *South* v. *Indemnity Insurance Co.,* 39 *Ga. App.* 47 (146 S. E. 45). This case arose under a proceeding brought under a provision of Code § 114-709. However, as a sidelight on the issue now before us, we might take into consideration a pronouncement of the court as set out in the third headnote, as follows: "Upon an application for such review, the essentials leading up to the award are to be taken as res judicata, but the physical condition of the employee remains open to inquiry."

We have studied very carefully the decisions hereinbefore mentioned, these being all the authorities to which counsel for the plaintiff in error call our attention. As stated, they are differ-

108

entiated from the case before us for the reasons hereinbefore stated. It must be kept in mind that we are dealing with the provisions of Code § 114-501. The provisions of this section deal with a subject-matter entirely different from that dealt with in Code § 114-709. A proceeding under the latter is to determine whether a change in the physical condition of the claimant has taken place, as a matter of fact, since a previous adjudication on the question; and, consequently, to determine whether the compensation then being paid shall be ended, diminished, or increased. The provisions of Code § 114-501 are not designed to determine a change in the physical condition of the claimant to the end that the compensation then being received by the claimant shall be altered directly by the proceedings provided under § 114-501. Such proceedings are for the purpose of determining, in so far as medical services offered by the employer are concerned, whether the board will require the claimant to accept the medical services offered by the employer with a view of lessening or removing a compensable physical injury which the Industrial Board has declared existed and for which the claimant is receiving compensation. Of course this is not the only provision regarding medical treatment of a claimant. We are only dealing with medical and surgical treatment presented under the facts of this case. It is one thing to require the claimant to submit to reasonable medical and surgical treatment under Code § 114-501 in an effort to bring about a change in condition, and an entirely different thing to determine whether or not a change in condition has already taken place. The Code, § 114-709, deals with the latter, and § 114-501 deals with the former.

The claimant in the instant case was ordered to submit to an operation with a view of lessening or removing his disability. If the operation had been performed and if his disability had been lessened or removed, then, still, the fact of the change would remain to be established in accordance with the provisions of § 114-709. This brings us to the question as to whether the Industrial Board, moving under the authority of Code § 114-501, after having on competent evidence determined that the claimant should be required to submit to an operation as set forth in its order of March 20, 1941, could, after the claimant had submitted himself, under the direction of the employer, to the hospital of

their choosing, under the care of the physician and the surgeon designated, and after having remained in the hospital for eight days under the observation and tests of such doctors, who refused to operate on the ground that it would be dangerous and useless to do so, order another hearing to determine whether the claimant should submit to an operation by another surgeon notwithstanding two out of three doctors appointed by the board had refused to operate, and on such other hearing, on the testimony of the two doctors making the tests and a doctor called in by the board, determine that the claimant had complied with the order of the board to submit to an operation and that the claimant should not be required further to submit himself to one of the doctors for an operation at the instance of the employer. The doctor proposed by the employer to do the operation was one of the three doctors named by the board in its order of March 20, 1941. The Industrial Board held that the claimant would not be required to submit to a proffered operation by the single doctor, and held that the claimant had complied with the order of the board and that the employer should continue the payment of compensation.

The plaintiff in error contends that, since the court had once determined under competent medical testimony that an operation would lessen or remove the disability, this was res judicata, and the board was without authority to have another hearing and determine that an operation would not do so. We do not think it was the intention of the legislature that the law should have any such effect. It was held in *Western Union Telegraph Co.* v. *Smith*, 50 *Ga. App.* 585, 586 (178 S. E. 472) : "The workmen's compensation act of this State and its amendments, 'though in derogation of the common law, being highly remedial in character, should be liberally and broadly construed to effect their benevolent purpose.' *New Amsterdam Casualty Co.* v. *Sumrell*, 30 *Ga. App.* 682 (118 S. E. 786) ; *Van Treeck* v. *Travelers Ins. Co.*, 157 *Ga.* 204 (121 S. E. 215) ; *Atkinson* v. *Atkinson*, 47 *Ga. App.* 345, 346 (170 S. E. 527)."

We think the provisions of Code § 114-501 as to what medical treatment should be required vest a broad discretion in the Industrial Board as to what medical treatment should be required of the claimant and a broad discretion regarding a change in

medical or surgical treatment which the board might have ordered. The act provides: "In case of a controversy arising between the employer and the employee relative to the continuance of medical, surgical, hospital, or other treatment, the board may order such further treatments as may in the discretion of the board be necessary. The board may at any time upon request of an employee order a change of treatment and designate other treatment suggested by the injured employee subject to the approval of the board, and in such a case the expense thereof shall be borne by the employer upon the same terms and conditions as hereinbefore provided in this section for medical and surgical treatment and attendance. The refusal of the employee to accept any medical, hospital, surgical, or other treatment when ordered by the Industrial Board shall bar said employee from further compensation until such refusal ceases, and no compensation shall at any time be paid for the period of suspension unless in the opinion of the Industrial Board the circumstances justify the refusal, in which case the board may order a change in the medical or hospital service."

To place the construction on this section which the plaintiff in error seeks to invoke would, we think, be too harsh, and not in keeping with the legislative intent. To so hold would lay down the rule that if the best medical authorities (and the board had the best available in this case) were of the opinion that a major operation would lessen or remove the disability, and the board so ordered, but afterwards, upon further examination and days of observation, the eminent physicians should change their minds both as to the safety and as to the beneficial results of such operation, and they refused to operate, then the compensation must cease or the claimant must submit to an operation on a condition other than the board contemplated. To us this would be an unreasonable interpretation of the section. Counsel for plaintiff in error have much to say regarding the board's authority to change its judgment as to requiring the operation, on the ground that the notice contained the following words: "to determine if there was a change in the claimant's condition." This notice was given for the purpose of hearing argument before the full board. The question to be argued was that which arose out of the petition of the claimant and the answer of the employer deal-

ing with the conduct of the claimant in submitting himself for the operation required and the refusal of the doctors to perform the operation. After these pleadings were filed with the Industrial Board the board passed the order hereinbefore set out in the statement of facts, dated November 1, 1941. By reference to such order it will be observed that the board fully adjudged what question would be determined. When the notice is read in connection with this order it will readily be seen that there is no variance between the question to be considered and the notice of argument upon it.

We have dealt with the question as though there had been no change in the physical condition of the claimant between the time the board ordered the operation and the time the doctors refused to operate. And we feel sure that if the change was one only of medical opinion and not a factual change in the condition of the claimant the board was authorized in its judgment complained of. However, upon a careful study of the record we are not prepared to say that the board was not justified in finding that, from the time the operation was ordered and the time of the refusal of the doctors to perform it, there was a factual change in the physical condition of the claimant sufficient for the board to hold that the operation would not be required under the Code, § 114-501. We confess that the evidence on this point is not altogether clear, but we are not in a position to hold as a matter of law that there is no evidence to sustain such conclusion. We find no reason to reverse the judgment on this ground.

2. In the light of what has been said hereinbefore, we find that there was sufficient evidence to amply sustain the finding of the Industrial Board.

The motion of the defendant in error to assess damages for delay is overruled.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*