30336. CHICAGO BRIDGE & IRON COMPANY *v.* COLE.

DECIDED FEBRUARY 10, 1944.

600

*Jones, Powers, Williams & Dorsey,* for plaintiff in error.
*Willis Smith,* contra.

FELTON, J. ■ The change in condition referred to in the Code, § 114-709, is one which must have occurred subsequently to the award of November 12, 1942. The evidence before the board

at that hearing demanded a finding that the claimant was afflicted with a second-degree hernia and was temporarily totally disabled. The evidence on the last hearing demanded the same finding. Therefore it appears conclusively that the claimant's degree of compensable disability, namely, temporary total, had not changed since the last award, and it follows that the last award of compensation and for another surgical operation was unauthorized. *Home Accident Ins. Co.* v. *McNair,* 173 *Ga.* 566 (161 S. E. 131); *Interstate Telephone Co.* v. *Holt,* 45 *Ga. App.* 85 (163 S. E. 234); *Moore* v. *American Mutual Liability Insurance Co.,* 67 *Ga. App.* 259 (19 S. E. 2d, 763); *Ingram* v. *Liberty Mutual Insurance Co.,* 62 *Ga. App.* 789 (10 S\ E. 2d, 99); *Teems* v. *American Mutual Liability Insurance Co.,* 41 *Ga. App.* 100 (151 S. E. 826); *Fralish* v. *Royal Indemnity Co.,* 53 *Ga. App.* 557 (186 S. E. 567); *Rourke* v. *U. S. F. & G. Co.,* 187 *Ga.* 636 (1 S. E. 2d, 728). If there is anything in *Ware* v. *Swift & Co.,* 59 *Ga. App.* 836 (2 S. E. 2d, 128), or *Williams* v. *United States Casualty Co.,* 47 *Ga. App.* 508 (170 S. E. 894), contrary to what is here held these cases must yield to the authorities cited above. ·

■ . The fact that at the time of the last award the claimant had · a third-degree hernia would not justify the award. The claimant was temporarily totally disabled on November 12, 1942, and was entitled to all the rights afforded him under the law. He was denied those rights and his remedy was by appeal. · If he had obtained an award in his favor for his full rights he would not be entitled to an additional award by reason of a change in condition from a second- to a third-degree hernia, for the reason that such a change would not have increased the percentage of his disability. The effect of the award appealed from is to reverse the previous award, a thing which cannot be done under the guise of an application for additional compensation based on a change of condition. *Moore* v. *Mutual Liability Ins. Co.; Ingram* v. *Liberty Mutual Ins. Co.,* supra; *American Mutual Liability Ins. Co.* v. *Hampton,* 33 *Ga. App.* 476 (127 S. E. 155).

The court erred in denying the appeal, and in sustaining the board's award.

*Judgment reversed. Sutton, P. J., and Parker, J., concur.*