34115. MILLER *v.* HARTFORD ACCIDENT & INDEMNITY COMPANY *et al.*

504

*L. D. Burns Jr.*, for plaintiff in error.

*T. Elton Drake*, contra.

CARLISLE, J. On appeal to the Superior Court of Fulton County from an award of a director of the State Board of Workmen's Compensation it appears from the record in the case: (1) That the claimant, on October 2, 1950, sustained certain injuries, including laceration of the left cheek, severe bruises of the head, severe sprains of the neck and entire back, and a moderate concussion of the brain, which, by an agreement between the parties, approved by the State Board of Workmen's Compensation on November 8, 1950, were conceded to have arisen out of and in the course of the claimant's employment; (2) That, under the terms of the approved agreement the claimant was to be paid compensation at the rate of $24 per week for temporary total disability (Code, Ann. Supp., § 114-404) during disability from October 10, 1950; (3) That on March 12, 1951, the claimant, through his attorney, applied for a hearing before the board to determine the extent of his disability and the amount of compensation due him; (4) That, upon the hearing, while there was evidence that the claimant continued from the time of the injuries to the time of the hearing to suffer excruciating pains in the lower regions of his back and was at least partially disabled to pursue a gainful occupation, there was also evidence by physicians that the claimant was not suffering any disabling injury, upon the basis of which the director, on May 22, 1951, entered a finding that the claimant "has failed to carry the burden of proof of evidence showing that he was at the time [of the hearing] suffering under a considerable degree of disability as the result of accident set out in the agreement . . [and the evidence shows only] the claimant to be affected with emotional instability," and denied the claim for compensation; (5) That on June 21, 1951, the claimant filed with the board a motion in two counts for a new hearing, one count being based

upon a change in condition and the other count being based upon newly discovered evidence "in that upon re-examination by another doctor it has been discovered that claimant has a broken back and is being placed in a cast and will be disabled for an indefinite period of time. The doctor making said examination and X-rays was Dr. Martin T. Myers who has just made said discovery within the last two or three days, and the reason this evidence was not discovered before was that the fractured vertebra is in a position difficult to locate by X-ray or otherwise, and was discovered by reason of a condition affecting the muscles surrounding the fracture and a numbness or partial paralysis arising after the time of said hearing from which this motion is being made, and which movant submits is a change in condition which led to the discovery of the new evidence"; and (6) That the board, with the acquiescence of counsel for the claimant, assigned the case for a hearing upon the question of a change in the claimant's condition, and upon the hearing evidence was introduced that the claimant was suffering from a fractured vertebra as a result of the accident referred to in the agreement between the parties, and was suffering from muscular spasms causing a weakness in the back and curvature of the spine, but no evidence was introduced to show that the claimant's condition had changed between the time of the award of May 22, 1951, and the time of the last hearing; and (7) the hearing director entered an award denying compensation.

Under such a state of the record the superior court did not err in affirming the award of the hearing director which denied compensation. Whether or not any such remedy as an extraordinary motion for a new trial, based on newly discovered evidence, is available under the provisions of the Workmen's Compensation 'Act, the claimant abandoned such motion by acquiescing in the hearing which was confined to the issue of whether or not there had been a change in condition since the award of May 22, 1951.

Unfortunate as it is, and however much we may regret the physicians' failure to find the source of the claimant's suffering until after the award finding that he was not suffering from a disability attributable to the injury which arose out of and in the course of his employment, we are bound to apply the law

correctly, and there being no evidence that the claimant's condition had worsened between the time of the award of May 22 and the time of the last hearing as a result of the injuries sustained in the accident, and there having been no appeal from the award of May 22, that award became res adjudicata. *Georgia Marine Salvage Co.* v. *Merritt,* 82 *Ga. App.* 111 (60 S. E. 2d, 419); *Chicago Bridge & Iron Co.* v. *Cole,* 70 *Ga. App.* 599 (28 S. E. 2d, 900); *Fralish* v. *Royal Indemnity Co.,* 53 *Ga. App.* 557 (186 S. E. 567); *Rourke* v. *United States Fidelity &c. Co.,* 187 *Ga.* 636 (1 S. E. 2d, 728).

*Judgment affirmed. Gardner, P.J., and Townsend, J., concur.*