39336. EMPLOYERS MUTUAL LIABILITY
INSURANCE COMPANY *et al.* v. SHEETS.

FRANKUM, Judge. "(a) An agreement between the parties to a workmen's compensation case duly signed and approved by the board is, in the absence of fraud, accident, or mistake, conclusive as to the matters agreed upon, and the approval by the board of the agreement has the same legal effect as an award of the board made after a hearing of the issues. (b)

By 'change of condition' is meant a change in the physical condition of the claimant *subsequent to* the entering of the award. Proof, therefore, by the claimant on rehearing that he is disabled, if such disability existed in the same degree and to the same extent at the time of the first hearing, is not sufficient to justify a change in the award based on a change of condition, as the previous hearing on this theory becomes *res judicata* up to and including the time of such hearing." *Georgia Marine Salvage Co. v. Merritt,* 82 Ga. App. 111, 112 (1) (60 SE2d 419). See also *Hartford Accident &c. Co. v. Camp,* 69 Ga. App. 758 (26 SE2d 679) ; *Miller v. Hartford Accident &c. Co.,* 86 Ga. App. 503 (71 SE2d 782).

The employer made an application under *Code Ann.* § 114-709 to the State Board of Workmen's Compensation for a hearing based upon an alleged change in condition of the employee, which application was made after an agreement for compensation between the employer and employee had been filed with and approved by the board. Upon a hearing, a single director determined the issue adversely to the employer. The employer appealed to the superior court, and the award of the director was affirmed. From this ruling the employer appealed to this court, assigning error upon the affirmance of the award. The basis of the alleged change of condition was that a doctor, who examined the claimant (employee) after the injury and whose diagnosis was the basis of the company entering into an agreement to pay compensation, had changed his diagnosis from the one he first gave, which indicated a compensable injury, to one which showed a non-compensable injury. However, there was evidence before the director showing no change of condition. As stated by the superior court judge in affirming the award: "There is evidence that the *diagnosis* of claimant's condition has changed. There is evidence, however, to support the award that there has been *no change in condition."* (Emphasis added.) See *Miller v. Hartford Accident &c. Co.,* 86 Ga. App. 503, supra. Accordingly, "Where an award of compensation is supported by any competent evidence it is binding on the courts, . . " *Bussey v. Globe Indem. Co.,* 81 Ga. App. 401 (59 SE2d 34).

*Judgment affirmed. Nichols, P. J., and Jordan, J., concur.*

DECIDED APRIL 10, 1962.

*Lee R. Williams,* for plaintiffs in error.
*Poole, Pearce & Hall, Martin H. Rubin,* contra.