41449.   CONTINENTAL CASUALTY COMPANY et al. v. DONNELL.

ARGUED SEPTEMBER 7, 1965—DECIDED SEPTEMBER 17, 1965.

*Gambrell, Harlan, Russell & Moye, Edward W. Killorin, John K. Train, III,* for plaintiffs in error.

*Atkins & Atkins, Dorothy D. Atkins,* contra.

FELTON, Chief Judge. It is well settled that a compensation agreement precludes either party from later contesting or contradicting facts admitted to exist as of the time of the agreement. *Lumberman's Mut. Cas. Co. v. Cook,* 195 Ga. 397 (24 SE2d 309); cases annotated under *Code* § 114-705. The approved agreement in the instant case is thus conclusive as to the fact that the claimant's disability as of the date of the execution of the agreement, October 8, 1963, was caused by a back injury sustained by bumping against a truck trailer.

The fact that compensation was paid on the original injury, however, does not preclude the employer and insurer from contending that the present disability did not stem from the original injury. *Pepperell Mfg. Co. v. Mathis,* 92 Ga. App. 85 (88 SE2d 201); *Roberts v. Lockheed Aircraft Corp.,* 93 Ga. App. 440, 441 (1) (92 SE2d 51). The change of condition which *Code Ann.* § 114-709 provides may authorize an award ending the compensation previously agreed upon, then, may consist of a change in the *cause* of the claimant's disability since the original agreement, although the physical condition may remain largely unchanged.

The award of the board indicates that it was based upon the rule set forth in the case of *Employers Mut. Liability Ins. Co. v. Sheets,* 105 Ga. App. 734 (125 SE2d 569), to the effect that a change in diagnosis from one showing a compensable injury to one showing a non-compensable injury does not amount to evidence of change of condition. In that case the doctor who made the original examination changed his diagnosis after the agreement was signed and approved by the board, in effect merely changing his mind as to the cause of the injury. In the instant case, however, there was evidence of the termination of disability caused by the initial work-related injury and a change in condition accompanied by lesser disability due to the subsequent, non-work-related disease of diabetes mellitus. The rule of the *Sheets* case is therefore not controlling in the present case.

Furthermore, the statement in the award, to the effect that the defendants' evidence was available for its use in an appeal within 30 days from the award of the board approving the compensation agreement, indicates the board's reliance upon an additional erroneous legal theory. The evidence available to the defendants was not inconsistent with the cause of the initial injury as established by the agreement, i.e., a bumping of the claimant's back, but indicated, as we have held, that disability was subsequently caused by the disease rather than by the back injury. It follows from this that the defendants' failure to appeal from the award approving the agreement (assuming that the law provides for such an appeal, which it does not)

would not operate as an estoppel for their later application for a hearing based upon a change in condition, at which they might present whatever evidence was available to them that the cause of the disability had changed subsequently to the date of the execution of the agreement.

When it affirmatively appears that an award of the board is based upon an erroneous legal theory, and that for this reason the board has not considered all of the evidence in the light of correct and applicable legal principles, the case should be remanded to the board for further findings. *Barbree v. Shelby Mut. Ins. Co.*, 105 Ga. App. 186 (123 SE2d 905); *Miller v. Travelers Ins. Co.*, 111 Ga. App. 245 (141 SE2d 223). Since it affirmatively appears that the award was based upon an erroneous legal theory, the judgment of the superior court affirming the award of the board is reversed with direction that the case be remanded to the board for action in accordance with what is stated in this opinion.

*Judgment reversed with direction. Jordan and Deen, JJ., concur.*