*L. H. Hilton,* for appellee.

## 42261. LIBERTY MUTUAL INSURANCE COMPANY et al. v. CAVENDER.

DEEN, Judge. The sole problem in this workmen's compensation case is whether it belongs within the ambit of *Employers Mut. Liab. Ins. Co. v. Sheets,* 105 Ga. App. 734 (125 SE2d 569) where it was lodged by the hearing director, the full board, and the Judge of the Superior Court of Fulton County, or whether it is controlled adversely by the conclusion reached in *Continental Cas. Co. v. Donnell,* 112 Ga. App.

274 (145 SE2d 89). The distinction is made in the latter case as follows: "The award of the board indicates that it was based upon the rule set forth in" *Sheets,* supra, to the effect that *Sheets* held "to the effect that a change in diagnosis from one showing a compensable injury to one showing a non-compensable injury does not amount to evidence of change of condition. In that case the doctor who made the original examination changed his diagnosis after the agreement was signed and approved by the board, in effect merely changing his mind as to the cause of the injury. In the instant case, however, there was evidence of the termination of disability caused by the initial work-related injury and a change in condition accompanied by lesser disability due to the subsequent, non-work-related disease of diabetes mellitus."

In the case before us the claimant suffered accidental injury to his back on October 12, 1963, which became disabling on June 17, 1964. An agreement to pay compensation for total disability was entered into at that time and the claimant has been totally disabled and has not worked since. On September 1, 1964, he was operated on for cancer of the neck of the right femur. A doctor who first saw him on that date testified to the existence of the cancer, that it would be painful and disabling, that it is presently disabling, and that he found nothing else which was disabling, but his deposition does not show whether or not any examination was made to determine the existence or extent of the non-related back injury. The claimant testified that since the operation his right leg is better although he still cannot walk on it; that the back trouble remains the same and pains radiate from the back into both legs; that the back trouble prevents him from stooping, bending, putting his socks on, and so forth. There is not in this case, as there was in *Donnell,* supra, any evidence of termination of disability caused by the original work-related injury. There is evidence that both injuries exist and that both are disabling. Indubitably, we do not agree with the appellant that the evidence demands a finding that the claim was decided on an erroneous legal theory.

*Judgment affirmed. Nichols, P. J., and Hall, J., concur.*

ARGUED SEPTEMBER 13, 1966—DECIDED OCTOBER 6, 1966— REHEARING DENIED OCTOBER 26, 1966.

*Greene, Neely, Buckley & DeRieux, Burt DeRieux, James A. Eichelberger, Joseph R. Manning,* for appellants.

*Burdine & Freeman, Essley Burdine, D. M. Johnson,* for appellee.